DICKENSON, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–591–CR. Submitted on briefs November 5, 1976.—Decided January 6, 1977.*
(Also reported in 248 N. W. 2d 447.)

For the plaintiff in error there was a brief by *Clarence A. Dickenson,* pro se.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

CONNOR T. HANSEN, J.   In this case we have concluded that the evidence, although it overwhelmingly demonstrates plaintiff in error's guilt of robbery, is not sufficient to warrant a finding beyond a reasonable doubt that he engaged in the robbery while armed with a dangerous weapon. Accordingly, we reverse and remand for re-sentencing.

The robbery occurred at a McDonald's Restaurant on the south side of the city of Milwaukee. A waitress at the restaurant testified that the plaintiff in error ordered five hamburgers. After the hamburgers were prepared, she told him the price. He responded, "Give me all the money you have." She paused, and he said, "Do you know what this is?" She answered, "No." He had parted the bottom buttons of his shirt to disclose what she thought was the butt of a gun protruding from the waistband of his trousers. She glanced around the restaurant to see if anyone was watching. He said, "It's not worth it, baby." She took the drawer from a cash register and placed it on the counter in front of her. He removed the money from the drawer and walked out of the restaurant. A customer heard the waitress say she had been robbed. He took down the license number of the plaintiff in error's car, which he had noticed earlier parked along the side of the building with the engine idling. Plaintiff in error was arrested the next day driving the car.

The waitress was positive and convincing in her identification of plaintiff in error. She was able to describe tattoos which he had on each forearm. However, she could not positively identify the object in his waistband

as a weapon. She testified she inferred that it was, from his statements.

▇ In this state it is an element of the crime of armed robbery that the accused be, in fact, armed with a dangerous weapon. If there had been positive testimony from any witnesses that plaintiff in error was armed with a gun, the rule of *Boyles v. State*, 46 Wis.2d 473, 175 N.W.2d 277 (1970) would be applicable. The state would not be required to prove that the gun was lethal, because it might be used as a bludgeon. Here there is only testimony that plaintiff in error had a small black object, which resembled the handle of a gun, in his waistband. There is no testimony from which the jury could infer that it was of sufficient size to be used as a bludgeon.

Sec. 939.22(10), Stats., requires that a "dangerous weapon," other than a firearm, be a device designed as a weapon and capable of producing death or great bodily harm; or if not so designed and capable, calculated or likely to produce death or great bodily harm in the manner in which it is used, or intended to be used. The strongest evidence in support of a jury's verdict is that the waitress saw an object in plaintiff in error's waistband which resembled the handle of a gun, and plaintiff in error made statements implying that the object was a gun. However, from her recollection of what she saw and heard, the waitress could not testify positively the object was a gun. No attempt was made to show that it was some other kind of weapon or that the manner in which plaintiff in error intended to use it was calculated or likely to produce death or great bodily harm. Such evidence fails to establish that the object falls within the statutory definition of a dangerous weapon. The jury could not reach such a conclusion beyond a reasonable doubt, when the only witness with first-hand knowledge

who testified on the point was not positive that plaintiff in error was armed with a dangerous weapon.

Some states have statutes providing that the penalty for robbery committed by pretense of being armed is the same as for a robbery committed while armed.[1] There is much to recommend such a statute, because the victim is put in the same fear whether the weapon is real or feigned. However, this is a question which must be addressed to the legislature. We are not entitled to rewrite the statute so as to conform to our view of what an appropriate penalty should be.

In reaching our conclusion on the sufficiency of the evidence, we have considered *State v. Elam,* 312 So.2d 318 (La 1975), decided under a statute similar to our own. In that case the defendants were found guilty of armed robbery, although the only evidence of their being armed was that one stuck his hand in his pocket and threatened to shoot the manager of the store being robbed. The defendants were chased and apprehended about 400 yards from the scene of the crime. No gun was found. On a bill of exceptions alleging as error the trial court's denial of a motion for directed verdict on the ground the state had presented *no* evidence the defendants were armed with a dangerous weapon, Louisiana Supreme Court held there was *some* evidence from which the jury might infer that one was so armed. In the course of the opinion the Louisiana Court stated that the victim's subjective reactions were not determinative of the issue

---

[1] For example, the Michigan statute provides as follows:

"Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. . . ." M.C.L.A., Sec. 750.529.

whether the robber committed the crime while armed with a dangerous weapon. We agree with this statement. We decline to follow the case because the test on review in this court is not whether there was some evidence to support the jury's finding, but whether the evidence is sufficient to support a finding of guilt beyond a reasonable doubt.

Plaintiff in error has filed a *pro se* brief raising numerous other assignments of error. We do not consider it necessary to prolong this opinion by discussing each in tedious detail. Suffice it to say that there are challenges to the complaint and information which are without merit, numerous objections to the admission of evidence, and allegations of other errors committed on the trial. If any of the trial errors alleged be error, they were harmless beyond a reasonable doubt in view of the overwhelming evidence against the plaintiff in error. The only reasonable basis for an acquittal would have been the jury's belief in his alibi. This was a question of credibility of the alibi witnesses, which was for the jury. No alleged error was material to the issue of credibility.

The jury's verdict that plaintiff in error was guilty of the crime of armed robbery necessarily also found that plaintiff in error was guilty of unarmed robbery. Sec. 939.66(1), Stats., allows a conviction of either the crime charged or one which does not require a proof of any other fact in addition to those which must be proved for the crime charged. In *Luitze v. State,* 204 Wis. 78, 234 N.W. 382 (1931), this court reversed a conviction for aiding and abetting robbery while armed because the evidence did not support the conviction. The evidence did support a conviction for aiding and abetting unarmed robbery. The cause was remanded to the trial court with directions to convict the accused of aiding and abetting robbery on the jury verdict of guilty as charged and

re-sentence him accordingly. The court concluded that the information, because it did not charge that the revolver used was loaded, did not allege the crime of armed robbery under the statute as it existed at that time. Therefore, the jury's verdict of guilty as charged amounted to a verdict of guilty of aiding and abetting unarmed robbery.

We think the principle of the *Luitze* case is applicable to this case. Therefore, we reverse and remand with directions to enter a judgment of conviction for robbery, contrary to sec. 943.32(1)(b), Stats., and to re-sentence plaintiff in error accordingly.

*By the Court.*—Judgment is reversed and the cause remanded for further proceedings consistent with the opinion.