McKissick, Plaintiff in error, v. State, Defendant in error.

*No. 75–423–CR. Submitted on briefs February 2, 1977.— Decided June 1, 1977.*
(Also reported in 254 N.W.2d 218.)

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James H. McDermott,* assistant attorney general.

HEFFERNAN, J. McKissick was charged with armed robbery of Lily Leong at her place of business, the Far East Restaurant, contrary to secs. 943.32 (1) (b) and (2), Stats., armed robbery. He was sentenced to

an indeterminate term of eight years. Motions for post-conviction relief and the appeal to this court were brought on the premise that the armed robbery conviction was not proved, because there was no evidence that the defendant was in fact armed when the incident took place. That this assertion is factually and legally correct is indisputably supported by the evidence. We reverse.

The evidence showed that McKissick entered the Far East Restaurant on the evening of January 25, 1974. He approached Lily Leong, holding his right hand in his pocket, and said to her, "This is a stick up. . . . I have a gun in my pocket." As he spoke these words, the bulge in his pocket appeared to be pointed at her. Lily Leong never saw the gun which the defendant professed that he had in his pocket, but she gave the defendant $96.

Although the trial judge before whom the case was tried stated that he could not make a finding on the basis of the evidence that the defendant was in fact armed, he nevertheless found McKissick guilty, in reliance upon *State v. Smith*, 55 Wis.2d 304, 198 N.W.2d 630 (1972). That case held that the element of being armed did not require that the weapon be visible—that it was sufficient that there be the threat to use the weapon.

The trial judge's reliance upon *Smith* was misplaced. In that case, no question was raised in respect to whether the defendant was in fact armed. The only question was whether the weapon had to be visible to the victim. The state's contention that Smith was armed at the time of the robbery was not disputed.

Because the question of possession of the weapon at the time of the robbery was not discussed in *Smith*,

the application of that case by the trial judge to the case before us is understandable. A necessary element of the crime of armed robbery as defined by secs. 943.32 (1) (b) and (2), Stats., however, is that the defendant be "armed with a dangerous weapon." The judge in the instant case made the specific finding that such proof was lacking. Any possible question in respect to the necessity of proof that a defendant need in fact be armed with a dangerous weapon was dispelled by the recent case of *Dickenson v. State,* 75 Wis.2d 47, 248 N.W.2d 447 (1977). We said in that case:

> "In this state it is an element of the crime of armed robbery that the accused be, in fact, armed with a dangerous weapon." (at 49)

While it is rather clear in the instant case that the defendant at least pretended to be armed, we specifically held in *Dickinson* that a "robbery committed by pretense of being armed" does not constitute armed robbery under the Wisconsin statutes.

In light of the trial judge's specific statement that he could not make a finding that the defendant was armed, the conviction for armed robbery was erroneous and must be reversed. There was no proof of the essential element, that the defendant was in fact armed at the time he robbed Lily Leong.

Nevertheless, the evidence in the case, beyond reasonable doubt, was sufficient to show the violation of sec. 943.32(1) (b), Stats. The information in this case specifically charged McKissick with that offense. The information stated:

> "I, E. MICHAEL McCANN, District Attorney for Milwaukee County, Wisconsin, hereby inform the court that the above named Defendant [Patrick Lorenzo

McKissick], in the County of Milwaukee, State of Wisconsin, on January 25, 1974, at 8729 West Fond du Lac Avenue, City of Milwaukee, with intent to steal, did feloniously take property, money ($96 in cash) from the presence of Lilly L. Laong, the owner, by threatening the imminent use of force against the person of Lilly L. Laong, and while armed with a dangerous weapon, a handgun, with intent thereby to compel the said owner to acquiesce in the taking and carrying away of said property, contrary to Wisconsin statutes section(s) 943.32(1)(b)&(2)."

It is evident, therefore, that every element of sec. 943.32(1)(b), Stats., was properly charged, and the record demonstrates that property was taken from Lily Leong as the consequence of McKissick's statement that he had a gun in his possession. This constituted a threat of the imminent use of force. That the proof in that respect was sufficient is shown by the conduct of defendant's attorney at trial. The defense attorney, when the state rested, did not move to dismiss the information, but moved only to strike the portion of it that recited that the robbery was carried out "while armed with a dangerous weapon, a handgun." The case was deficient in proof only in respect to defendant being armed. The trial judge found that all other elements were proved beyond a reasonable doubt.

Accordingly, there was sufficient evidence to convince the trial judge beyond a reasonable doubt that the defendant threatened the imminent use of force in violation of sec. 943.32(1)(b), Stats. Under the rationale set forth in *Dickenson, supra,* we reverse the conviction for armed robbery and remand to the trial court, with directions to enter a judgment of conviction under the provisions of sec. 943.32(1)(b) and to sentence McKissick accordingly.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with directions in this opinion.