Davis, Plaintiff in error, v. State, Defendant in error.

Supreme Court

No. 77–292–CR.  *Submitted on briefs November 7, 1979.—
Decided January 8, 1980.*
(Also reported in 286 N.W.2d 570.)

For the plaintiff in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Robert J. Paul,* assistant state public defender.

For the defendant in error the cause was submitted on the brief on *Bronson C. La Follette,* attorney general, and *Pamela Magee-Heilprin,* assistant attorney general.

SHIRLEY S. ABRAHAMSON, J.　Joseph T. Davis, the defendant, was charged with the armed robbery of the Elm Grove Savings and Loan, Brookfield, Wisconsin, contrary to sec. 943.32 (1) (b) and (2), Stats.

Sec. 943.32(1)(b) and (2), Stats. 1973, provides:

"943.32 **Robbery.** (1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means may be imprisoned not more than 10 years.

" . . .

"(b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

"(2) Whoever violates sub. (1) while armed with a dangerous weapon may be imprisoned not more than 30 years."

Dangerous weapon is defined in sec. 939.22(10), Stats. 1973:

"939.22 **Words and phrases defined.** In the criminal code, the following words and phrases have the designated meanings unless the context of a specific section manifestly requires a different construction:

" . . .

"(10) 'Dangerous weapon' means any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or great bodily harm, or any other device or instrumentality which, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm."

On appeal Davis presents two issues: (1) that the evidence was insufficient to support a finding that Davis was armed with a dangerous weapon within the meaning of secs. 943.32(2) and 939.22(10), Stats., and (2) that the credibility of the witnesses identifying Davis as the robber did not reach a level sufficient to convince the trier of fact beyond a reasonable doubt.

The teller testified that Davis entered the savings and loan, pulled out a gun, pointed the gun at her, gave her a note stating "This is a hold-up," and told her not to pull the alarm or he would shoot. On cross-examination, she stated that it was a small-type handgun, gray-black in

color; that she was not familiar with guns; and that she thought the gun was real.

Davis' ex-girlfriend testified that sometime before the robbery Davis took her for a ride to different banks, including the Elm Grove Savings and Loan, and told her he had robbed or intended to rob them. During this ride Davis showed her a gun in a "hobby shop" box and told her it was a toy gun. She said she thought it looked like a real gun, but she also stated she did not know whether it was a real or a toy gun. The gun was never recovered.

Davis contends the evidence was insufficient to support the finding that he was armed with a dangerous weapon.

In Wisconsin, the state must prove beyond a reasonable doubt that the accused was armed with a dangerous weapon. It is not enough that the state prove that the accused committed the robbery under the pretense of being armed. *Dickenson v. State*, 75 Wis.2d 47, 248 N.W.2d 447 (1977).

This court reversed convictions for armed robbery in two recent cases where the witness could not testify that she saw a gun or any other dangerous weapon. *McKissick v. State*, 78 Wis.2d 176, 254 N.W.2d 218 (1977); *Dickenson v. State,* 75 Wis.2d 47, 248 N.W.2d 447 (1977). In *McKissick*, the waitress inferred the defendant had a gun from his words and a bulge in his pocket; she did not see the weapon. Similarly, the witness in *Dickenson* could not positively identify the black object in the defendant's waistband as a gun; she could only infer that it was a gun. In *Boyles v. State*, 46 Wis.2d 473, 477, 175 N.W.2d 277 (1970), we affirmed a conviction for attempted armed robbery when the victim and a witness saw enough of the object to describe it as a gun.

The test on review to determine whether the evidence is sufficient to support the conviction has frequently been set forth by this court.

" ' ". . . [T]he evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendants' guilt beyond a reasonable doubt. . . . The test is not whether this court is convinced of the guilt of the defendant beyond a reasonable doubt but whether this court can conclude the trier of the facts could, acting reasonably, be convinced to the required degree of certitude by the evidence which it had a right to believe and accept as true.

" ' ". . . Stating the rule conversely for the sake of clarity, the evidence when considered most favorably to the state and the conviction must be so insufficient in probative value and force that it can be said as a matter of law that no trier of facts acting reasonably could be convinced to that degree of certitude which the law defines as 'beyond a reasonable doubt.' " . . .' *Krueger v. State,* 84 Wis.2d 272, 282, 283, 267 N.W.2d 602 (1978)." *State v. Dix,* 86 Wis.2d 474, 482, 273 N.W.2d 250 (1979).

The teller testified that although she was unfamiliar with guns the object defendant carried was a small, gray-black handgun; Davis' ex-girlfriend testified that the object Davis showed her sometime before the robbery looked like a real gun, although Davis told her it was a toy gun; and during the robbery the defendant said he was armed with a gun and would shoot. In the case at bar two witnesses testified as to defendant's possession of an object that they thought was a real gun.

Applying the test set forth above, we conclude that the trier of facts could, acting reasonably, be convinced to the required degree of certitude that Davis was armed with a real gun, by definition a dangerous weapon.

Davis further attacks his conviction by questioning the credibility of the two witnesses who identified him as the robber. Soon after the robbery the teller and the branch manager gave police officers descriptions of the robber. Both looked at mug shots and at a photo display that included a photograph of Davis. The teller did not identify the photograph of the defendant in the display as

that of the robber, but the branch manager did select Davis' photograph. There was no lineup. At the trial which took place about eight months after the robbery, both eyewitnesses made "positive," "unequivocal" in-court identifications of Davis as the person who had robbed the savings and loan.

There was testimony concerning the conditions under which the eyewitnesses had viewed the robber. The robbery occurred about 4:00 p.m.; the lighting in the room was good; the robber stood approximately a foot away from the teller and eight to ten feet away from the branch manager; and the robber was in the room from one to three minutes. Both eyewitnesses testified they had prescription glasses to correct their vision but neither was wearing glasses at the time of the robbery.

The defendant does not question the legality of the pretrial identification procedures. The only issue he raises is whether the witnesses' identifications were inherently incredible or were insufficient to support a conviction.

". . . To be inherently or patently incredible, evidence must be in conflict with the uniform course of nature or with fully established physical facts that no reasonably intelligent man could give it credence. *Czerniakowski v. National Ice & Coal Co.* (1948), 252 Wis. 112, 115, 31 N.W.2d 156; *Chapman v. State* (1975), 69 Wis.2d 581, 583, 230 N.W.2d 824." *Taylor v. State,* 74 Wis.2d 255, 262, 246 N.W.2d 516 (1976).

We have reviewed the record. The witnesses had the opportunity to observe the robber under fairly good conditions for one to three minutes. Neither witness identified any person other than the defendant as the robber, and each witness was certain in her in-court identification of Davis as the robber.

The credibility of the witnesses and the weight of the evidence is for the trier of fact. Upon review, we view the evidence in the light most favorable to the finding. *Bautista v. State,* 53 Wis.2d 218, 223, 191 N.W.2d 725 (1971). We conclude that the trier of facts in the case at bar could, acting reasonably, be convinced beyond a reasonable doubt by the identification evidence which it had a right to believe and accept as true. *See Chapman v. State,* 69 Wis.2d 581, 584, 230 N.W.2d 824 (1975); *Fells v. State,* 65 Wis.2d 525, 531–533, 223 N.W.2d 507 (1974).

*By the Court.*—Judgment and order affirmed.

CALLOW, J., took no part.