**STATE of Wisconsin, Plaintiff-Respondent-Petitioner,**

v.

**Eugene J.R. MYERS, Defendant-Appellant.**

Supreme Court

*No. 89-0281-CR. Argued September 5, 1990.—Decided November 9, 1990.*

(Also reported in 461 N.W.2d 777.)

For the plaintiff-respondent-petitioner the cause was argued by *Marguerite M. Moeller,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the defendant-appellant there was a brief by *Robert P. VanDeHey* and *Hoskins, Brown, Kalnins, McNamara & VanDeHey,* Lancaster and oral argument by *Robert P. VanDeHey.*

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals filed October 26, 1989, reversing a judgment of conviction of aggravated battery, that is, battery causing great bodily harm, sec. 940.19(2), Stats. 1985-86,[1] entered by the Circuit Court for Crawford county, John R. Wagner, Circuit Judge.

In reversing the conviction the court of appeals held that the evidence was insufficient for the jury to find "great bodily harm" within the meaning of sec. 939.22(14), Stats. 1985-86. That issue is not before us on review and we do not consider it. Section (Rule) 809.62, Stats. 1985-86.[2]

The state seeks review of the court of appeals' refusal to remand the case and direct the circuit court to enter a judgment of conviction of the lesser included offense of attempted aggravated battery.

---

[1]Section 940.19(2), Stats. 1985-86, provides as follows: "Whoever causes great bodily harm to another by an act done with intent to cause great bodily harm to that person or another with or without the consent of the person so harmed is guilty of a Class C felony."

[2]The state's brief explains that the petition for review did not seek review of the court of appeals' decision that the evidence was insufficient on the element of great bodily harm, because this court does not ordinarily review questions concerning the sufficiency of the evidence. *State v. Minued,* 141 Wis. 2d 325, 327-28, 415 N.W.2d 515 (1987). The state does not, however, intend to concede that the court of appeals was correct in finding insufficient proof of great bodily harm.

The issue on review is whether an appellate court may, after reversing a conviction because of insufficient evidence, order the circuit court to enter a judgment of conviction of a lesser included offense when the jury was not instructed on the lesser included offense. The question is one of first impression in this state.

We hold that the court of appeals may not direct the circuit court to enter a judgment of conviction of a lesser included offense when a jury verdict of guilty of the greater offense is reversed for insufficient evidence and the jury was not instructed on the lesser included offense. Accordingly we affirm the decision of the court of appeals.

The facts of the case for purposes of this review are as follows. On April 1, 1985, Lennie Davidson and Michael Cockroft were in a trailer home when two masked intruders entered, one carrying a knife and the other an aluminum bat. The defendant had allegedly hired the two men to injure Lennie Davidson, but one of the intruders, confused about which man was Davidson, beat Cockroft on the head with the bat two or three times. Cockroft's injuries required nine stitches and left a two-inch scar. Tests taken at two hospitals shortly after the beating show that Cockroft suffered no other physical or neurological damage.

Cockroft experienced headaches shortly after the attack. His medical records state that in May 1985 the physician found "no neurological deficit or impairment" and surmised that the cause of the headaches was "post-traumatic syndrome." Cockroft received no medical treatment for his headaches between September 1985 and March 1988. Tests taken in March 1988 disclosed no sign of physical abnormality, and the diagnosis was again "post-traumatic syndrome." The March 1988

359

medical records described Cockroft's headaches as an "element of mood disorder."

On March 18, 1988, the defendant was charged with aggravated battery, party to a crime, contrary to secs. 940.19(2) and 939.05, Stats. 1985–86, for hiring the men who attacked Cockroft. The defendant moved to dismiss at the close of the state's case, arguing insufficient evidence of great bodily harm. The circuit court denied the motion.

The jury was instructed on the crime of aggravated battery only.[3] Neither the state nor the defendant challenged the instructions at trial or on appeal. Neither the state nor the defendant requested a jury instruction on a lesser included offense. The jury convicted the defendant of aggravated battery, party to a crime.

The defendant appealed and the court of appeals reversed the defendant's conviction because of insufficient evidence on the issue of great bodily harm.[4]

---

[3]The jury was instructed that great bodily harm means bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily injury. Section 939.22(14), Stats. 1985–86. The jury was also instructed that the phrase great bodily harm refers only .to physical injury, not to psychological or emotional harm.

[4]The state did not contend in the court of appeals that the blow to Cockroft's head and his wound constituted great bodily harm. Rather, the state argued that Cockroft's lingering headaches were a physical injury or impairment caused by the assault and constituted great bodily harm. The court of appeals held that no reasonable jury, relying on the medical records, the only medical evidence submitted, could have found beyond a reasonable doubt that Cockroft's headaches were physical injuries or manifestations of physical injuries received in the attack. Neither

The court of appeals also refused the state's request to direct the circuit court to enter a judgment of conviction of attempted aggravated battery. The court of appeals viewed the state's request for entry of a judgment of attempted aggravated battery as the state's attempt to remedy its failure to request an instruction for that offense at trial. The court of appeals concluded that when the state failed to request a lesser included offense instruction at trial it waived any rights it may claim based on the instructions. Section 805.13(3), Stats. 1985–86.[5] The court of appeals further concluded that because the state had waived its right to have the court of appeals consider the lesser included offense, the court of appeals' modification of the judgment to reflect the lesser included offense would violate *State v. Schumacher,* 144 Wis. 2d 388, 424 N.W.2d 672 (1988), which interprets sec. 752.35, Stats. 1985–86, governing the court of appeals' discretionary reversal power.

Because the issue in this case is modification of a judgment, not reversal, and this case does not involve sec. 752.35, the statute involved in *Schumacher,* the relevancy of *Schumacher* is questionable. In any event, we recently discussed the *Schumacher* case in *Vollmer v. Luety,* 156 Wis. 2d 1, 456 N.W.2d 797 (1990), and concluded that a party's waiver of objections to jury instruc-

---

Cockroft's treating physician nor any medical expert testified at trial.

[5]Section 805.13(3), Stats. 1985–86, sets forth the waiver rule on jury instructions:

> Counsel may object to the proposed instructions or verdict on the grounds of incompleteness or other error, stating the grounds for objection with particularity on the record. Failure to object at the conference constitutes a waiver of any error in the proposed instructions or verdict.

tions does not necessarily divest the court of appeals of the power to review and reverse under sec. 752.35.

The state urges that the court of appeals has the power to modify the judgment in this case under sec. 808.09, Stats. 1985–86, which authorizes an appellate court to modify a judgment as to any or all parties. Section 808.09 provides as follows:

**808.09 Reversal, affirmance or modification of judgment.** Upon an appeal from a judgment or order an appellate court may reverse, affirm or modify the judgment or order as to any or all of the parties; may order a new trial; and, if the appeal is from a part of a judgment or order, may reverse, affirm or modify as to the part appealed from. In all cases an appellate court shall remit its judgment or decision to the court below and thereupon the court below shall proceed in accordance with the judgment or decision.

The state urges us to interpret sec. 808.09 as authorizing the court of appeals to modify the conviction to reflect a lesser included offense under the circumstances of this case. We reject the state's position. We are not persuaded that an appellate court can repair a guilty verdict reversed for insufficient evidence by simply modifying the conviction to reflect a lesser included offense when instructions on the lesser included offense were not submitted to the jury. First, we conclude that a jury's verdict reversed for insufficient evidence is too suspect a determination of guilt for an appellate court to use as the basis for ordering conviction of a lesser included offense for which no instruction had been submitted to the jury. Second, we conclude that directing the entry of a judgment of conviction on a lesser included offense (for which no instructions were given) after reversal of the conviction for insufficient evidence does not comport with the underlying principles governing instructions to

juries on lesser included offenses and the role of the circuit court vis-a-vis the parties and counsel in instructing juries. We conclude, as did the court of appeals, that although the state is requesting modification of the judgment, in effect the state is changing its trial strategy and is objecting on appeal to jury instructions to which it entered no objection at trial.

When a conviction is reversed because of insufficient evidence and no instruction on lesser included offenses had been given, a court should not use the guilty verdict as the basis for a conviction on a lesser included offense because of the possible effects on the jury of the jury not receiving instructions on lesser included offenses.

Instructing the jury on lesser included offenses developed at common law "as an aid to the prosecution in cases in which the proof failed to establish some element of the crime charged." *Beck v. Alabama,* 447 U.S. 625, 633 (1980). The common law thus enabled the state to exercise its discretion to charge the greater offense but to seek conviction of the lesser included offense when at trial its proof of the greater offense turned out to be nonexistent or weak. The common law rule is codified in Wisconsin in sec. 939.66, Stats. 1985–86, which provides that "upon prosecution for a crime, an actor may be convicted of either the crime charged or an included crime, but not both."

Lesser included offense instructions, though originally a tool of the prosecutor, may also serve an important function in protecting the rights of the accused and the integrity of the justice system. *Beck v. Alabama,* 447 U.S. 625, 633–34 (1980). They may allow the jury to conform the verdict more accurately to the evidence than when the jury is presented with a single option for

conviction and thus may help ensure the defendant of the full protection of the reasonable doubt standard.

In Wisconsin the decision to request jury instructions on lesser included offenses is left largely to the parties, because the decision involves trial strategy, including the presentation and evaluation of evidence. The parties are therefore best equipped to decide when a request for lesser included offense instructions is appropriate. The state and the accused must assess at trial the risks and benefits of requesting jury instructions on lesser included offenses. *Neuenfeldt v. State,* 29 Wis. 2d 20, 32, 138 N.W.2d 252 (1965), *cert. den.* 384 U.S. 1025 (1966); *State v. Ambuehl,* 145 Wis. 2d 343, 425 N.W.2d 649 (Ct. App. 1988).

A circuit court need not instruct on a lesser included offense unless one of the parties requests the instruction and the evidence under a reasonable view in the light most favorable to the defendant "is sufficient to establish guilt of the lower degree and also leave a reasonable doubt as to some particular element included in the higher degree but not the lower." *State v. Bergenthal,* 47 Wis. 2d 668, 675, 178 N.W.2d 16 (1970). *See also Garcia v. State,* 73 Wis. 2d 174, 186, 242 N.W.2d 919 (1976). It is not error for the circuit court to fail to instruct *sua sponte* on a lesser included offense. *Hebel v. State,* 60 Wis. 2d 325, 210 N.W.2d 685 (1973). One rationale for this rule is that the circuit court should not unfairly interfere with the parties' trial strategy.[6]

---

[6]For discussions of the advantages and disadvantages of requiring a trial court to give lesser included offense instructions *sua sponte,* see Robinson, *A Proposal for Limiting the Duty of the Trial Judge to Instruct the Jury Sua Sponte,* National Center for State Courts, Pub. No. W0012 (June 1974); Note, *Habeas Corpus*

In this case the jury was instructed only on the offense of aggravated battery, both the state and the defendant having decided not to request instructions on lesser included offenses.

When the jury is instructed on the greater offense and not on the lesser included offense, the jury has a choice of only two verdicts—to convict the defendant of the greater offense or to acquit him—even when the jury may be convinced the defendant is guilty of a less serious offense than the one charged. *Zenou v. State,* 4 Wis. 2d 655, 668, 91 N.W.2d 208 (1958).

The jury's not having a "third" option—to find the defendant guilty of the lesser included offense—enhances the risk of an unwarranted conviction and may undermine the reliability of the jury's guilty verdict. *Cf. Beck v. Alabama,* 447 U.S. 625, 637 (1979). Justice Brennan, writing for the Supreme Court in *Keeble v. United States,* 412 U.S. 205 (1973), described the risk of an unwarranted conviction when no lesser included offense instruction is given, as follows:

> [I]f the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of

*Review of State Trial Court Failure to Give Lesser Included Offense Instructions,* 16 U. Mich. J. L. Ref. 617 (1983); *People v. Flannel,* 25 Cal. 3d 668, 603 P.2d 1 (1979). In this case the circuit court apparently followed the recommendation of the Wisconsin Criminal Jury Instructions Committee and explored the question of submission of lesser included offense instructions with the defendant and counsel. For the Criminal Jury Instruction Committee's discussion of the circuit court's responsibility to give instructions, see Wis. J I (Criminal), vol. III, SM-6 (Rel. No. 1-9/80).

acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction.

412 U.S. 205, 212–13.

In this case the court of appeals held that the jury's guilty verdict of the greater offense was unwarranted. The omission of the lesser included offense instruction may very well have increased the likelihood of the jury's finding the defendant guilty of the greater offense even when the evidence was insufficient.

The state argues that even if the evidence of great bodily harm was insufficient, sufficient evidence nevertheless exists in the record to support the jury's guilty verdict on the remaining elements of the greater offense. These elements, asserts the state, constitute a lesser included offense and the appellate court should therefore direct the entry of a conviction of that offense. In other words, according to the state, when the jury is not instructed on the lesser included offense and the conviction of the greater offense is reversed because of insufficient evidence on one or more elements of the crime, the jury's verdict *a fortiori* constitutes a finding of guilty of the remaining elements of the greater offense. If these elements constitute a lesser included offense then an appellate court should, according to the state, direct the entry of a conviction unless the defendant shows prejudice.

The state's argument ignores the crucial distinction between an appellate court finding evidence in the record sufficient to support a jury verdict and a jury

finding the evidence sufficient to prove guilt beyond a reasonable doubt. Even though the record contains evidence sufficient for an appellate court to uphold a jury verdict of guilty of the lesser included felony of attempted aggravated battery, a properly instructed jury would not necessarily find the evidence persuasive of guilt of this crime beyond a reasonable doubt. *Bautista v. State,* 53 Wis. 2d 218, 223, 191 N.W.2d 725 (1971). When the jury is not instructed on lesser included offenses and the conviction of the greater offense is reversed on grounds of insufficient evidence, the guilty verdict is, we conclude, not sufficiently reliable to be recast as a jury finding of guilty of the elements of a lesser included offense.

Moreover we conclude that although the state's argument is made in terms of seeking a modification of the judgment, the state is in effect asking the appellate court to give it the benefit of jury instructions it failed to request at trial. The state is asking us to rescue it from a trial strategy that went awry.

By not requesting instructions on lesser included offenses, the state's strategy is that the jury will convict an accused of the greater offense rather than let the accused (who the jurors will believe is apparently guilty of some offense) go scot-free, even when the jury may have some doubt about the evidence. According to this strategy, the jury's inclination to punish a "bad" person may overpower any jury's misgivings about whether the evidence proves guilt of the greater offense beyond a reasonable doubt.

The defendant also had a trial strategy in not requesting lesser included offense instructions. Both the state and the defendant opted for an all (conviction of the greater offense) or nothing (acquittal) verdict. In oft used terminology, both parties "went for broke."

By not requesting instructions on lesser included offenses, the accused hopes that the jury will acquit of the greater offense rather than convict on what the accused views as arguably insufficient evidence. The accused is counting on the jury to comply with the instructions that the state's burden is to prove guilt beyond a reasonable doubt.[7]

The state would have us direct the court of appeals to direct the circuit court to enter a conviction of the lesser included offense when neither of the parties requested instructions on the lesser included offense. In that way, the state would have all the benefits and none of the risks of its trial strategy, while the accused would have all the risks and none of the protections. The accused could not come to the appellate court and request modification of the conviction of a greater offense to reflect a lesser included offense had his trial strategy failed. Section 805.13(3), Stats. 1985–86; *State v. Sarinske,* 91 Wis. 2d 14, 59-60, 280 N.W.2d 725 (1979); *Neuenfeldt v. State,* 29 Wis. 2d 20, 32, 138 N.W.2d 252 (1965), *cert. den.* 384 U.S. 1025 (1966); *State v. Ambuehl,* 145 Wis. 2d 343, 425 N.W.2d 649 (Ct. App. 1988).

---

[7]The defendant in this case decided to go for broke. Defense counsel stated: ". . . we discussed the possibility of having a lesser included battery offense included in the instructions . . . it was my opinion that it would probably greatly reduce the chance that he would get convicted of a felony given the evidence, but that if the misdemeanor battery instruction was submitted, it would also increase the likelihood they would convict him on something."

At trial neither the state nor the defendant discussed the possibility of an instruction on the felony of attempted aggravated battery.

Were we to adopt the state's position, we would be encouraging the state, even when its evidence was weak, to avoid requesting jury instructions on the lesser included offense and to seek instead a guilty verdict of the greatest possible offense. If the state was successful at trial but the guilty verdict was reversed on grounds of insufficient evidence, the state could then, should it prevail in this appeal, seek a conviction of the lesser included offense in the appellate court.

The state and the defendant tried the case knowing the burdens and benefits of introducing (or failing to introduce) certain evidence and requesting (or not requesting) certain jury instructions. We require accuseds to abide by the decisions they made at trial. We should not alter the rules under which the trial was conducted after the trial is completed or allow the state to modify its trial position on appeal.[8]

---

[8]Were we to conclude that an appellate court may direct the circuit court to modify a conviction to reflect a lesser included offense, this case would present another problem. The state urges us to have the court of appeals direct the circuit court to enter a conviction on the lesser included offense of attempted aggravated battery, a felony, the most serious lesser included offense. The defendant asserts, however, that the circuit court may have instructed the jury on other lesser included offenses, such as misdemeanor battery. Section 940.19(1), Stats. 1985–86, declares it a misdemeanor to cause "bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed." This is the lesser included offense the defendant and defense counsel rejected at trial.

The state declined to request instructions on a lesser included offense but did not explain which if any lesser included offense it had considered.

The state contends that the circuit court could not have instructed the jury on the misdemeanor offense because "there

In support of its position the state relies on *Austin v. United States,* 382 F.2d 129 (D.C. Cir. 1967), in which the court reversed the accused's conviction of first-degree murder and permitted the trial court to enter judgment of conviction of second degree murder.[9] The

were no reasonable grounds in the evidence for acquittal of attempted aggravated battery." State's Brief at 21. We disagree with the state. According to the record the parties disputed whether the intruder's intent was to "scare," "rough up," or do great bodily harm to the victim. The jury could have drawn any of these inferences from the record. Accordingly the circuit court properly could have instructed on both lesser included offenses of attempted aggravated battery and misdemeanor battery. An appellate court cannot now determine which of the lesser included offenses the jury might have found the defendant guilty.

[9]The *Austin* case and those that cite it are almost exclusively from the District of Columbia Circuit Court of Appeals. Many of the *Austin* line of cases do not involve the issue we address here; many give no rationale for the holding. *See, e.g., United States v. Ciongoli,* 358 F.2d 439 (3d Cir. 1966); *United States v. Bryant,* 420 F.2d 1327 (D.C. Cir. 1969); *United States v. Comer,* 421 F.2d 1149 (D.C. Cir. 1970); *United States v. Wharton,* 433 F.2d 451 (D.C.Cir. 1970); *United States v. Thomas,* 444 F.2d 919 (D.C. Cir. 1971); *Allison v. United States,* 409 F.2d 445 (D.C.Cir. 1969); *United States v. Perkins,* 498 F.2d 1054 (D.C. Cir. 1974); *United States v. Swiderski,* 548 F.2d 445 (2d Cir. 1977); *Hemphill v. United States,* 402 F.2d 187 (D.C. Cir. 1968).

In *Austin,* the appellate court remanded the case to the trial court to consider whether undue prejudice would result to the defendant if a judgment of the lesser included offense were entered. The appellate court gave the trial court the option of entering judgment or ordering a new trial. In this case, because of double jeopardy, the parties apparently agree that the defendant may not be retried on any lesser included offense. *See State v. Ivy,* 119 Wis. 2d 591, 350 N.W.2d 622 (1984); *Burks v. United States,* 437 U.S. 1 (1978); *Grady v. Corbin,* — U.S. —, 110 S. Ct. 2084 (1990).

*Austin* court concluded that the governing federal stat-ute[10] empowered it to reduce a conviction of a greater offense to that of a lesser included offense when the evidence fails to support one element of the crime of which accused was charged and convicted but suffi-ciently sustains all the elements of the included offense. 382 F.2d at 142.[11]

This case differs from *Austin.* In *Austin,* the jury had been instructed on the lesser included offense and, as the *Austin* court explained, the jury "could have explicitly returned this verdict." *Id.* The *Austin* court thus viewed itself as giving effect to what the jury decided.

Because in this case no instruction on the lesser included offense was given the jury, we do not find the *Austin* case persuasive.[12]

---

[10]The court in *Austin* cited 28 U.S.C.A. sec. 2106 (1981), which is substantially similar to sec. 808.09 and provides as follows:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court . . . and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such fur-ther proceedings to be had as may be just under the circumstances.

[11]The *Austin* court limited the appellate court's exercise of the power to modify judgments to cases in which "it is clear that no undue prejudice will result to the accused." 382 F.2d at 142. The *Austin* court concluded that under the facts of that case, the accused suffered no undue prejudice. The most likely source of prejudice, concluded the *Austin* court, was the possibility that the accused might have raised different defenses had he not been charged with the greater offense.

[12]In *Morris v. Mathews,* 475 U.S. 237 (1986), the United States Supreme Court upheld an appellate court's entry of a con-viction of a lesser included offense. The accused pleaded guilty to aggravated robbery. Two days later, in a successive prosecution,

The state's reliance on Wisconsin precedent is also unpersuasive. The state cites *Dickenson v. State,* 75 Wis. 2d 47, 248 N.W.2d 447 (1977), in which this court held there was insufficient evidence to convict the defendant of armed robbery, and remanded to enter a conviction for robbery. The jury, however, was apparently instructed on the lesser included offense. See *Dickenson v. Israel,* 482 F. Supp. 1223, 1224 (E.D. Wis. 1980), *aff'd* 644 F.2d 308 (7th Cir. 1981). The state also cites *McKissick v. State,* 78 Wis. 2d 176, 254 N.W.2d 218 (1977), in which a defendant's conviction on armed robbery was reversed and remanded for entry of a conviction for robbery on threat of imminent force. That case, however, was tried to the trial court, not a jury. Although the

---

the state charged the accused with aggravated murder based on the robbery to which the accused had pleaded guilty. The jury was instructed on the lesser offense of murder but the jury convicted the defendant of the greater offense, aggravated murder.

The United States Supreme Court held that the conviction for aggravated murder was barred by the constitutional guaranty against double jeopardy and affirmed the lower court's power to reduce the conviction to the lesser included offense of murder. The Court concluded that "the jury did not acquit Mathews of the greater offense of aggravated murder, but found him guilty of that charge and, *a fortiori,* of the lesser offense of murder as well." 475 U.S. at 245.

*Morris v. Mathews* does not govern the case at bar. In *Morris,* as in *Austin,* the jury was instructed on the lesser included offense and found the accused guilty of the greater offense. The appellate court thus based its modification of the conviction on a verdict the jury could have rendered on instructions given it. Furthermore the *Morris* conviction was not reversed because of insufficient evidence on an element of the greater offense; it was reversed because of double jeopardy. The *Morris* jury's verdict was therefore not challenged on the merits of the conviction, as in *Austin* and in the case at bar.

parties disputed what directions the court should give the trial court on remand, neither the parties in their briefs nor the court in its opinion discussed the ramifications of an appellate court entering a conviction of a lesser included offense.[13]

In contrast to *McKissick,* the defendant relies on *State v. Bronston,* 7 Wis. 2d 627, 97 N.W.2d 504, modified 7 Wis. 2d 642a, 98 N.W.2d 468 (1959), overruled on other grounds sub nom. *State ex rel. Goodchild v. Burke,* 27 Wis. 2d 244, 133 N.W.2d 753 (1965), *cert. den.* 384 U.S. 1017 (1966). In *Bronston,* a case tried to the trial court, not a jury, the court reversed a conviction for aggravated battery because the evidence was insufficient on serious bodily injury. The state argued on appeal that the evidence would sustain a conviction of attempt; the defendant argued that the evidence would sustain only a

[13]The state also cites cases from other jurisdictions to support its position. We do not find these cases helpful. Several cases do not raise the issue raised in this case. Moreover, the opinions tend to assert the correctness of the modification under the circumstances of the particular case without explanation. *See e.g., State v. Marigny,* 532 So. 2d 420 (La. Ct. App. 1988); *People v. Gaither,* 173 Cal. App. 2d 662, 343 P.2d 799 (1959), *cert. den.* 363 U.S. 991 (1960); *Simonds v. State,* 762 P.2d 1189 (Wyo. 1988); *People v. Mullinex,* 125 Ill. App. 3d 87, 465 N.E.2d 135 (1984); *People v. Patterson,* 187 Colo. 431, 532 P.2d 342 (1975).

Equating modification of the judgment in this case to modification of judgments in theft cases was raised at oral argument. The two are not analogous. Because the value of the property is not an element of theft, convictions of theft may be modified on appeal when evidence of value of the stolen property is found insufficient to support the penalty imposed by the trial court. *Sartin v. State,* 44 Wis. 2d 138, 170 N.W.2d 727 (1969). Value is of importance "only in determining the applicable penalty upon conviction." *State v. Kennedy,* 105 Wis. 2d 625, 636, 314 N.W.2d 884 (1981).

conviction for ordinary battery. The court concluded that the evidence supported a conviction of attempt and directed the trial court to enter a judgment of conviction of attempted aggravated battery.

Bronston argued in his motion for reconsideration that the intent to inflict great bodily harm was a fact to be determined by the fact finder, not an appellate court. The court concluded that its mandate requiring the trial court to enter judgment for attempt was improper. The court wrote: "Such finding of guilt is one to be made by the trial court as finder of the facts, a jury having been waived. We modify our original opinion . . . to merely hold that the evidence is sufficient to substantiate such a finding of guilt if the trial court should see fit to make it." 7 Wis. 2d at 642a. This language appears to support the defendant's position that the trier of fact—be it judge or jury—must determine the defendant's guilt of the lesser included offense. The *Bronston* opinion does not further explain why it changed its mandate on reconsideration. Because the *Bronston* case was tried to a judge, it does not address the issue we face in the case at bar.

The state has not persuaded us that policy or precedent support the conclusion that the court of appeals may direct the circuit court to modify a conviction to reflect a lesser included offense when no instruction for the lesser included offense was given the jury and the jury's guilty verdict of the greater offense was reversed for insufficient evidence. We therefore affirm the decision of the court of appeals not to direct the circuit court to modify the conviction in this case to reflect the lesser included offense for which no instruction was given.

*By the Court.*—The decision of the court of appeals is affirmed.