

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1923-06

**LARRY GLENN HAYNES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

HERVEY, J., delivered the opinion of the Court in which MEYERS, PRICE, JOHNSON, KEASLER and HOLCOMB , JJ., joined. JOHNSON, J., filed a concurring opinion. KELLER, P.J., filed a dissenting opinion in which COCHRAN, J. joined. COCHRAN, J. filed a dissenting opinion. WOMACK, J., dissented.

### O P I N I O N

The issue in this case is whether an appellate court may reform a trial court's judgment to reflect a conviction for an unrequested lesser-included offense not submitted to the jury, when the appellate court decides that the evidence is insufficient to support the jury's guilty verdict for the greater offense but is sufficient to support a conviction for the lesser-included offense. We decide that, under these circumstances, an appellate court may not reform the trial court's judgment to reflect a conviction for the lesser-included offense.

A jury convicted appellant of the charged felony offense of assaulting a member of his household by causing her bodily injury several years after appellant had been convicted of assaulting a family member on another occasion.[1] The jury charge does not contain any lesser-included offenses, and the record does not reflect that either party requested the inclusion of any lesser-included offenses in the jury charge. At the punishment phase, appellant pled "true" to two felony enhancement paragraphs, and the trial court sentenced appellant to the minimum of 25 years in prison.

The court of appeals decided that the evidence is insufficient to support appellant's conviction for the charged offense, because the evidence does not support an elemental finding that the more recent assault victim was a member of appellant's household at the time of the assault. *See Haynes*, slip op. at 9-10. The court of appeals reversed appellant's conviction and entered a judgment of acquittal. *See id*. We granted ground two of the State's petition for discretionary review, which presents the claim that, instead of ordering a judgment of acquittal, the court of appeals should have reformed the trial court's judgment to reflect appellant's conviction for the

---

[1] The evidence shows that appellant caused his former roommate bodily injury by striking her mouth with his hand. She had moved out about a month before to "get away" from appellant. The evidence also shows that appellant had been convicted of assaulting a family member several years before he committed the assault in this case.

Current and former Section 22.01(a)(1), TEX. PEN. CODE, provide that a person commits assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." The law applicable to appellant's case provides that this offense is a third-degree felony, instead of a Class A misdemeanor offense, if the offense is committed against "a member of the defendant's family or household, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense against a member of the defendant's family or household under this section." *See* Former § 22.01(b)(2), TEX. PEN. CODE; *Haynes v. State*, No. 01-05-00803-CR slip op. at 2 n.1 (Tex.App.–Houston [1st Dist.], delivered February 20, 2007) (setting out the history of this statute).

lesser-included, Class A misdemeanor offense of assault.

This Court addressed this reformation issue as one of first impression in *Collier v. State*, 999 S.W.2d 779, 780 (Tex.Cr.App. 1999). Judge Mansfield's lead four-judge plurality opinion in *Collier* decided that:

> [A] court of appeals may reform a judgment of conviction to reflect conviction of a lesser included offense only if (1) the court finds that the evidence is insufficient to support conviction of the charged offense but sufficient to support conviction of the lesser included offense and (2) either the jury was instructed on the lesser included offense (at the request of a party or by the trial court *sua sponte*) or one of the parties asked for but was denied such an instruction.

*Collier*, 999 S.W.2d at 782 (Mansfield, J., joined by Meyers, Price, and Johnson, JJ.) (italics in original).

Judge Mansfield's lead opinion in *Collier* was based in large part on the rationale that in cases like this the State "overreaches" or goes "for broke" by pursuing a trial strategy of not requesting a lesser-included offense instruction to make it more likely it will obtain a conviction for the greater offense that the evidence might only "weakly" support. *See Collier*, 999 S.W.2d at 781-82.[2] According to this opinion, if the jury then convicts the defendant of the greater offense, but an appellate court later decides that the evidence is insufficient to support one of its elements, permitting the appellate court to reform the judgment to reflect a conviction for a supported-by-the-evidence lesser-included offense would "rescue [the State] from a trial strategy that went awry." *See id.* (permitting appellate court to reform judgment would permit State to "have all the benefits and none of the risks of its trial strategy, while the accused would have all the risks and none of the

---

[2] Judge Mansfield's lead opinion in *Collier* adopted the reasoning of the Wisconsin Supreme Court's unanimous decision in *State v. Myers*, 461 N.W.2d 777 (Wis. 1990). *See Collier*, 999 S.W.2d at 782.

protections" of its trial strategy).[3]

Judge Keasler's opinion concurring only in the judgment in *Collier* was the necessary fifth vote to support the judgment in that case. *See Collier*, 999 S.W.2d at 783-85 (Keasler, J., concurring). Judge Keasler's concurring opinion decided that a "court of appeals cannot reform a judgment to reflect a conviction for a lesser-included offense unless that lesser-included offense was submitted in the jury charge." *See Collier*, 999 S.W.2d at 784 (Keasler, J., concurring) and at 785 (same).[4]

We understand the State to claim that *Collier* has no precedential value, because there is no majority holding contained within its lead and concurring opinions. *See, e.g., Marks v. United States*, 430 U.S. 188, 193 (1977) (when "a fragmented Court decides a case and no single rationale

---

[3]

The rationale of Judge Mansfield's lead plurality opinion in *Collier*, therefore, appears to be based on not allowing the State "to have its cake and eat it too." We note that the punishment range for the charged third-degree felony offense in this case with two prior felony convictions is 25 to 99 years in prison. *See* § 12.42(d), TEX. PEN. CODE. The punishment range for a Class A misdemeanor assault offense with two prior felony convictions is 90 days to one year in jail. *See* § 12.43(a)(2), TEX. PEN. CODE. Appellant was, therefore, exposed to a much greater punishment range than he would have been exposed to had the jury been instructed on and convicted appellant of the Class A misdemeanor assault offense.

[4]

Judge Keasler's holding was based on TEX. R. APP. 43.2(b), which authorizes a court of appeals to "modify" a trial court's judgment and affirm it as modified, and TEX. R. APP. 43.3, which authorizes a court of appeals, when reversing a trial court's judgment, to "render the judgment that the trial court should have rendered." *See Collier*, 784 S.W.2d at 784 (Keasler, J., concurring) ("judgment that the trial court should have rendered" under Rule 43.3 can only be a judgment that trial court was capable of rendering, given the jury instructions, and if jury is only instructed on one offense, then trial court can render only judgment on that offense or a judgment of acquittal) and at 785 (rendering judgment on lesser-included offense is not simply "modifying" judgment under Rule 43.2(b) but is entry of another judgment entirely); *see also Myers*, 461 N.W.2d at 779-80 (Wisconsin rule of appellate procedure authorizing appellate court to modify a judgment does not permit appellate court to "repair a guilty verdict reversed for insufficient evidence by simply modifying the conviction to reflect a lesser included offense when instructions on the lesser included offense were not submitted to the jury").

explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds") (internal quotes omitted).  We further understand the State to argue that the issue presented in *Collier* and in this case should, therefore, be reexamined anew as an issue of first impression unburdened by any *stare decisis* considerations.

We note, however, that the "overreaching" rationale in Judge Mansfield's lead opinion in *Collier* replicates much of the rationale of this Court's **majority** opinion in *Stephens v. State*, 806 S.W.2d 812, 817-18 (Tex.Cr.App. 1990) (Campbell, J., joined by Davis, Clinton, Teague, Miller, White, Berchelmann, and Sturns, JJ.).[5]  In addition, we do not agree with the State that *Collier* contains no majority holding.  Judge Keasler's concurring opinion in *Collier* sets out a majority holding, because this opinion does contain the narrowest ground upon which five of the judges concurring in the judgment in *Collier* agreed.  The narrowest ground upon which these five judges agreed is that an appellate court may in cases like this reform a judgment to reflect a conviction for the lesser-included offense when that lesser-included offense was submitted in the jury charge.  *See*

---

[5]

The majority opinion in *Stephens* held that "when a defendant has obtained a reversal of a conviction for a greater offense solely on the ground that there was insufficient evidence to prove the aggravating element of that offense, the Double Jeopardy Clause bars a subsequent prosecution for a lesser included offense,"apparently because "[n]othing prevented the State from requesting a lesser included offense instruction" at the first trial.  *See Stephens*, 806 S.W.2d at 818-19 (maj. op.) and at 830-31 (McCormick, P.J., dissenting to denial of State's motion for reh'g) (criticizing "overreaching" rationale in the majority opinion); *Collier*, 999 S.W.2d at 792-93 (McCormick, P.J., dissenting to denial of State's motion for reh'g) (majority opinion in *Stephens* "closely parallels" the reasoning of Judge Mansfield's lead opinion in *Collier*).  In *Ex parte Granger*, a majority of this Court reiterated the "overreaching" rationale from *Stephens* that "*the State had, at the first trial, failed to pursue the lesser included offense charge . . . .*"  *See Ex parte Granger*, 850 S.W.2d 513, 519-20 (Tex.Cr.App. 1993) (Campbell, J., joined by Miller, White, Baird, Overstreet and Meyers, JJ.) (emphasis in original) and at 528 n.13 (Clinton, J., dissenting).

*Collier*, 999 S.W.2d at 782 (lead plurality op.) (appellate court may reform judgment if "the jury was instructed on the lesser included offense") and at 784 (Keasler, J., concurring) (appellate court may not reform judgment unless the "lesser-included offense was submitted in the jury charge").[6]

And, Judge Keasler's concurring opinion in *Collier* is based on Rules 43.3 and 43.2(b), which have not changed since *Collier* was decided. What has changed since *Collier* was decided is the composition of this Court, which is not a valid reason for ignoring *stare decisis* principles. *See Wheatfall v. State*, 882 S.W.2d 829, 843 (Tex.Cr.App. 1994) (change in court membership not sufficient reason to ignore *stare decisis* principles). We decide that the court of appeals could not reform the trial court's judgment to reflect a conviction for the unrequested lesser-included, Class A misdemeanor assault offense, since it was not submitted in the jury charge.

Presiding Judge Keller's dissenting opinion asserts that this Court's 8-1 majority opinion in *Stephens* cannot supply the "overreaching"[7] rationale for Judge Mansfield's lead plurality opinion in *Collier*, primarily because *Stephens* is a double jeopardy case that does not apply in the

---

[6]

Since the record in this case does not reflect that "one of the parties asked for but was denied" a lesser-included offense instruction, this case does not require this Court to decide whether an appellate court may reform a judgment to reflect a conviction for the lesser-included offense in these circumstances. *See Collier*, 999 S.W.2d at 782 (plurality holding that a court of appeals may reform the judgment in these circumstances) and at 790-91 (Johnson, J., concurring to denial of State's motion for reh'g) (discussing possible "majority" holdings in *Collier*) and at 790-91 (McCormick, P.J., dissenting to denial of State's motion for reh'g) (same).

[7]

The term "overreaching" that has been used to describe the State's conduct in cases like this is taken from this Court's opinion on original submission in *Garrett v. State* and from Judge McCormick's dissenting opinion on rehearing in *Stephens*. *See Garrett v. State*, 749 S.W.2d 784, 794 (Tex.Cr.App. 1986) (op. on orig. subm'n); *Stephens*, 806 S.W.2d at 831 (McCormick, J., dissenting on reh'g).

reformation context. *See Dissenting op.* at 2-4 (Keller, P.J., dissenting).[8] However, the State's "overreaching" conduct in both the double jeopardy and the reformation contexts is the same, thus requiring similar treatment and analysis.[9] A rejection by a majority of this Court of the "overreaching" rationale in the reformation context would undermine this rationale in the double jeopardy context, which could very well require a reexamination of this Court's 8-1 majority opinion in *Stephens*.[10]

---

[8]

Judge Mansfield's lead plurality opinion in *Collier* decided that the judgment in that case could not be reformed to reflect conviction for a lesser offense for much the same reasons that the majority opinion in *Stephens* decided that double jeopardy principles prohibited a subsequent prosecution for the lesser offense. *See Collier*, 999 S.W.2d at 782 (Mansfield, J.) and at 792 (McCormick, P.J., dissenting on reh'g) (reasoning of Judge Mansfield's lead plurality opinion "closely parallels" reasoning in *Stephens*).

[9]

We also note that this Court's decision in *Stephens* extended its "overreaching" rationale to the reformation context when it also stated in *dicta* that "this Court does not have the authority to reform a conviction of a greater felony found to be based on insufficient evidence to lesser felony, which the evidence will support." *See Stephens*, 806 S.W.2d at 818 n.8. We further note that the Wisconsin Supreme Court's majority decision in *Myers* also relied on the "overreaching" rationale in construing a Wisconsin rule of appellate procedure, similar to the ones discussed in Judge Keasler's concurring opinion in *Collier*, as not authorizing reformation in cases like this. *See Myers*, 461 N.W.2d at 779-80. Judge Mansfield's lead plurality opinion in *Collier* is not the only judicial decision to rely on an "overreaching" rationale in a reformation context.

[10]

Presiding Judge Keller's dissenting opinion also asserts that, because a "jury's verdict on a greater offense necessarily constitutes a finding on every essential element of a lesser-included offense," *Collier* was wrong to conclude that "insufficiency of the evidence of an aggravating element of an offense may result in an acquittal rather than in conviction of the unaggravated lesser-included offense." *See Dissenting op.* at 1-2. However, an overwhelming majority of this Court did not accept this argument when it was presented in dissenting opinions in *Stephens* in 1990 and in *Collier* in 1999. *See Collier*, 999 S.W.2d at 792-93 (McCormick, P.J., dissenting on reh'g, joined by Keller, J.) (*Stephens* "fail[ed] to appreciate the legally significant distinction between when a *jury acquits* a defendant of the greater offense versus when a *jury convicts* the defendant of the greater offense but an appellate court decides the evidence is insufficient to support only an aggravating element of the greater offense") (emphasis in original) and at 795 (when jury convicts defendant of greater offense, it necessarily convicts him of lesser offense, so reforming judgment to reflect conviction of lesser offense would reflect a "true finding of the fact finder") (internal quotes

Presiding Judge Keller's dissenting opinion also asserts that *Collier* contains no majority holding, because Judge Mansfield's lead plurality "opinion and Judge Keasler's concurring opinion contain entirely disparate rationales." *See Dissenting op*. at 6. But, the rule for determining a majority holding in a case decided by a fragmented court applies when there are "disparate rationales" for the result. *See Marks*, 430 U.S. at 193 (when "a fragmented Court decides a case *and no single rationale explaining the result enjoys the assent of five Justices*, the holding of the Court may be viewed as the position taken by those Members who concurred in the judgments on the narrowest grounds") (emphasis supplied). In determining "the holding of the Court" in these cases, this rule does not search for a majority rationale, it searches for the "position taken by those [Judges] who concurred in the judgment[] on the narrowest grounds." *See id*. The position taken by those Judges "who concurred in the judgment[] on the narrowest grounds" in *Collier* is that when "the jury charge contains no lesser included offense instruction and neither party has requested one,[11] the appellate court cannot reform the judgment to reflect conviction of the lesser offense." *See also Collier*, 999 S.W.2d at 791 (McCormick, P.J., dissenting on reh'g) (also characterizing this as

omitted); *Stephens*, 806 S.W.2d at 821 (McCormick, J., dissenting) ("Had Haron Stephens been tried for aggravated rape and a jury had found him not guilty, then I might agree that the State could not retry him for the lesser included offense of rape. But that is not what happened to Stephens. Stephens was tried and a jury found him *guilty* of aggravated rape. In finding him guilty of this greater offense, the jury *necessarily* found Stephens guilty of the lesser included offense of rape.") (emphasis in original) and at 833-34 (double jeopardy principles should not prohibit a subsequent prosecution of Stephens for rape "regardless of whether [this] predicate or lesser included offense was *separately* submitted to the trier of fact as an alternative basis for conviction" in his earlier prosecution for aggravated rape) (emphasis in original).

11 *See* Footnote 6 (noting that this case does not require this Court to decide whether an appellate court may reform a judgment to reflect a conviction for a lesser offense when "one of the parties asked for but was denied" an instruction on the lesser offense).

majority holding in *Collier*).[12]

Judge Cochran's dissenting opinion seems to suggest that this Court is at liberty to decide the issue presented in this case as one of first impression. *See Dissenting op*. at 1-7 (Cochran, J., dissenting). The Court's opinion, however, applies majority decisions in two prior cases[13] both of which rejected the principal arguments presented in Judge Cochran's dissenting opinion. Judge Cochran's dissenting opinion does not address the *stare decisis* concerns presented in this case or state how the Court disserves common sense and Texas citizens by following this Court's prior decisions.[14]

The judgment of the court of appeals is affirmed.

Hervey, J.

Delivered: April 30, 2008
Publish

---

[12]

The remaining arguments presented in Presiding Judge Keller's dissenting opinion (persuasive though they may be) were raised and apparently rejected by a majority of this Court in *Collier*. *See Collier*, 999 S.W.2d at 785-91 (Keller, J., dissenting).

[13]

*See Collier*, 999 S.W.2d at 782 (Mansfield, J.) and at 783-85 (Keasler, J., concurring); *Stephens*, 806 S.W.2d at 813-20.

[14]

It should be noted that the rule applied in this case should be changed through the legislative or rule-making process rather than through judicial activism. *Compare Collier*, 999 S.W.2d at 783-85 (Keasler, J., concurring) (reformation not permitted in cases like this, because rules of appellate procedure do not authorize it). This could also have been accomplished at any time during the almost 10 years since *Collier* was decided.