583 S.E.2d 740

**The STATE, Respondent,**

v.

**Terry Ted LINDSEY, Appellant.**

No. 25669.

Supreme Court of South Carolina.

Heard April 22, 2003.

Decided June 30, 2003.

───────

16

Senior Assistant Appellate Defender Wanda H. Haile, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.

JUSTICE WALLER:

Terry Ted Lindsey was convicted of first degree criminal sexual conduct (CSC) and sentenced to life imprisonment without parole pursuant to the Two–Strikes Law, S.C.Code Ann. § 17–25–45(C)(1) (Supp.2002). We affirm his conviction, but reverse and remand for resentencing.

## FACTS

Lindsey was indicted for committing first-degree criminal sexual conduct on his seventeen year old step-daughter. According to the Victim, Lindsey was driving her to her cousin's house when he took a detour, locked the car doors, then forced himself on her, raping her. The trial judge submitted the charges of first and third degree CSC to the jury. The jury convicted Lindsey of first-degree CSC. Based upon his 1976 guilty plea to rape, Lindsey was sentenced to life imprisonment without parole (LWOP) under the Two–Strikes law.

## ISSUES

1. Did the trial court err in sentencing Lindsey to life without parole pursuant to S.C.Code Ann. § 17–25–45(A)(1), where the triggering offense of rape is not enumerated as a "most serious offense" in S.C.Code Ann § 17–25–45(C)(1)?

2. Was there any evidence of "aggravated force," such that the trial judge properly denied Lindsey's motion for a directed verdict on the charge of first degree CSC?

## 1. MOST SERIOUS OFFENSE

Lindsey contends his 1976 rape conviction is not enumerated as a "most serious" offense under S.C.Code Ann. § 17–25–45(C)(1), such that he was improperly sentenced to LWOP. We agree.

Under § 17–25–45(A), a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has two or more prior convictions for a "most serious" offense. Subsection (C) defines "most serious" offenses and includes first and second degree CSC, criminal sexual conduct with minors, and assault with intent to commit criminal sexual conduct, first and second degree. However, "rape" is not listed as a "most serious" offense. The question we must resolve is whether Lindsey's 1976 rape conviction necessarily fell into the category of a first or second degree CSC, so as to be considered a "most serious" offense.

In *State v. Washington*, 338 S.C. 392, 526 S.E.2d 709 (2000), we were faced with the issue of whether the defendant's prior convictions for common law burglary and housebreaking could be used to enhance his sentence to life without parole, where the prior offenses were not listed in section 17–25–45 as "most serious" or "serious" offenses. There, we found Washington's 1982 common law burglary offense contained all the elements of first-degree burglary, as enunciated in S.C.Code Ann. § 16–11–311(a)(3), such that it was a "most serious offense," for which Washington could be sentenced as a recidivist. Here, then, the question is whether Lindsey's 1976 rape conviction **necessarily** contains all the elements of the "most serious" CSC offenses specified in § 17–25–45(C)

(CSC first-degree, CSC second-degree, or criminal sexual conduct with a minor [1]). We find that it does not.

In *State v. Tuckness*, 257 S.C. 295, 299, 185 S.E.2d 607, 608 (1971), this Court held that "ravish or rape, the words being synonymous, is defined as the carnal knowledge of a woman by **force** and **against her consent**.... In order to constitute the crime of rape these must be some degree of penetration of the female genital organ by the male genital organ, but any penetration, however slight, is all that is necessary." (internal citation omitted). Notably, rape was not defined in *Tuckness* as including an element of aggravated force.

Under S.C.Code Ann. § 16–3–652(1)(1985), first degree CSC requires (1) a sexual battery and (2) **aggravated force** or forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or "any other similar offense or act." *State v. McFadden*, 342 S.C. 629, 539 S.E.2d 387 (2000). Second degree CSC requires the use of **aggravated coercion** to accomplish sexual battery. S.C.Code Ann. § 16–3–653 (1985). Third degree CSC (which is not listed as a "most serious offense" in § 17–25–45(C)) occurs where the actor engages in sexual battery with the victim and one or more of the following circumstances are proven: a) the actor uses **force** or coercion to accomplish the sexual battery **in the absence of aggravating** circumstances or b) the actor knows or has reason to know that the victim is mentally defective, mentally incapacitated, or physically helpless and aggravated force or aggravated coercion was not used to accomplish sexual battery.

Here, there is no evidence in the record concerning Lindsey's 1976 rape conviction. The only indication concerning that conviction is a form indictment, which gives no details of the facts or circumstances concerning the rape. Accordingly, the 1976 rape may have fallen into the category of third degree CSC, involving a sexual battery using force or coercion, but without aggravating circumstances. Since third de-

---

1. It is patent that rape does not encompass all the elements of CSC with a minor, as there is no requirement the sexual battery occur with a minor. *Accord State v. Munn*, 292 S.C. 497, 357 S.E.2d 461 (1987) (second degree criminal sexual conduct with a minor is not a lesser-included offense of second degree criminal sexual conduct because it contains the additional requirement the victim be a minor).

gree CSC is not a "most serious offense" for which a life sentence may be imposed pursuant to § 17–25–45, we find Lindsey's 1976 rape conviction, absent evidence it involved aggravated force or coercion, insufficient to warrant application of the recidivist statute. Accordingly, the LWOP sentence is reversed and the matter remanded for resentencing.

## 2. DIRECTED VERDICT/AGGRAVATED FORCE

At the close of the state's evidence, Lindsey moved for a directed verdict on the charge of first degree CSC, contending there was no evidence of "aggravated force" sufficient to submit the charge to the jury. The trial judge denied the motion. We affirm.

On an appeal from the trial court's denial of a motion for a directed verdict, the appellate court may only reverse the trial court if there is no evidence to support the trial court's ruling. *State v. Gaster*, 349 S.C. 545, 564 S.E.2d 87 (2002). In ruling on a directed verdict motion, the trial court is concerned with the existence of evidence, not its weight. *Id.* On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State. *State v. Burdette*, 335 S.C. 34, 46, 515 S.E.2d 525, 531 (1999). If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find the case was properly submitted to the jury. *State v. Pinckney*, 339 S.C. 346, 529 S.E.2d 526 (2000).

As noted in Issue 1, above, pursuant to S.C.Code Ann. § 16–3–652(1)(a), a person is guilty of criminal sexual conduct in the first degree "if the actor engages in sexual battery with the victim and ... the actor uses aggravated force to accomplish sexual battery." [2] Unlike first degree CSC, third degree CSC requires only that the actor engage in a sexual battery with the victim and "the actor uses force or coercion to accomplish

---

2. Under § 16–3–652(1)(b), it is also CSC first degree if the victim of the sexual battery is also the victim of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act. Under the circumstances of this case, the state could have relied upon this section to establish first degree CSC, in light of the victim's testimony that she was forcibly confined in the vehicle. However, the state did not rely on this section in the indictment, and the language of subsection (b) was not charged to the jury.

the sexual battery in the absence of aggravating circumstances." Under S.C.Code Ann. § 16–3–651(c), "aggravated force means that the actor uses physical force or physical violence of a high and aggravated nature to overcome the victim or includes the threat of the use of a deadly weapon." [3]

In *State v. Green*, 327 S.C. 581, 491 S.E.2d 263 (Ct.App. 1997), the Court of Appeals addressed the degree of force requisite to a conviction for first degree CSC. The Court of Appeals rejected the state's contention that the aggravated force requirement for first-degree CSC is satisfied if **any** of the ABHAN's "circumstances of aggravation" are present.[4] It held that "under section 16–3–652(1)(a), a sexual battery constitutes first-degree CSC only if it was accomplished through the use of force **and** the force constitutes aggravated force." 327 S.C. at 586, 491 S.E.2d at 265 (emphasis in original). The *Green* court found no evidence Green used **any** force on the victim, such that he should have been granted a directed verdict on the charge of first degree CSC.

Unlike *Green*, here there is evidence that after confining his victim in the automobile, Lindsey grabbed her hands, got on top of her and was holding her down with his body and hands. The victim testified that he would not get off of her, and that she was kicking, pushing, fighting and hitting to get him off of her. We find this evidence sufficient to create a jury issue as to whether Lindsey used aggravated force in attacking the victim. *Accord State v. Frazier*, 302 S.C. 500, 397 S.E.2d 93 (1990)(upholding attempted first degree CSC conviction on evidence defendant grabbed victim, forced her into the woods

---

**3.** Aggravated coercion is defined in subsection (b) as "the actor threatens to use force or violence of a high and aggravated nature to overcome the victim or another person, if the victim reasonably believes that the actor has the present ability to carry out the threat, or threatens to retaliate in the future by the infliction of physical harm, kidnapping or extortion, under circumstances of aggravation, against the victim or any other person."

**4.** These circumstances are the infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in sexes, the purposeful infliction of shame and disgrace, taking indecent liberties or familiarities with a female, and resistance to lawful authority. In *State v. Primus*, 349 S.C. 576, 564 S.E.2d 103, n. 4 (2002), this Court recognized that ABHAN may occur even without any real use of force toward the victim.

and ripped her clothes off in an effort to commit a sexual battery); *State v. Fulp,* 310 S.C. 278, 423 S.E.2d 149 (Ct.App. 1992) (evidence supported a verdict of second degree assault with intent to commit criminal sexual conduct, even though the defendant did not verbally threaten the victim, where, after pulling her from the balcony railing over which she was trying to escape, the defendant grabbed her breasts with both hands and began fumbling with the clothing that covered her stomach; thus, the defendant's actions supported an inference that he threatened to use high and aggravated force on the victim to commit a sexual battery). Accordingly, we find the charge of first degree CSC was properly submitted to the jury.

## CONCLUSION

We affirm the denial of Lindsey's motion for a directed verdict as the evidence presented by the state was sufficient to submit the charge of first degree CSC to the jury. However, we find Lindsey's 1976 rape conviction was improperly used to enhance his sentence for the current crime to LWOP. Accordingly, the matter is remanded for resentencing.

**AFFIRMED in part, REVERSED in part, and RE-MANDED.**

MOORE, BURNETT and PLEICONES, JJ., concur.
TOAL, C.J., concurring in part in a separate opinion in which MOORE, WALLER and BURNETT, JJ., concur.

Chief Justice TOAL, concurring in part:

I agree with the majority's analysis on the directed verdict issue, and concur with the result reached by the majority on the LWOP issue. However, I write separately to illuminate the inconsistency of this result in hopes that the General Assembly might remedy it.

As noted by the majority, the record in this case does not include any details of Lindsey's 1976 rape conviction to instruct us in classifying the rape as either first or second degree CSC (enumerated in § 17–25–45 as most serious offenses). In *State v. Washington,* 338 S.C. 392, 526 S.E.2d 709 (2000), this Court held that a prior conviction for common law burglary constituted a "most serious offense" because "it

contained the same legal elements as burglary, first degree that section 17–25–45(C)(1) declares a 'most serious offense.'" As discussed by the majority, neither first nor second degree CSC contain exactly the *same legal elements* as rape.[1] *Washington*, 338 S.C. at 397, 526 S.E.2d at 711 (emphasis added). Under *Washington*, rape then cannot qualify as a most serious offense for purposes of § 17–25–45.

The irony of this result is that rape was arguably a *more* severe offense than either first or second degree CSC, both of which make a defendant eligible for an LWOP sentence. Rape required actual penetration of the female genital organ by the male genital organ without consent and with force;[2] first and second degree CSC requires only *sexual battery* (which is defined as intercourse or "any intrusion, however slight of any part of a person's body or of any object into the genital or anal opening of another person's body,") and some degree of force as defined by statute.[3] First and Second degree CSC encompass more conduct than rape, and include penetration by any object. In addition, second degree CSC only requires aggravated coercion—defined as a threat to use force—while rape required that actual force be used. S.C.Code Ann. § 16–71; *Tuckness*. Because rape was arguably a more serious crime than either first or second degree CSC, and certainly more serious than third degree CSC, it is only logical that those with prior rape convictions should be eligible for LWOP sentences under § 17–25–45. However, where the terms of the statute are clear, the court must apply those terms according to their literal meaning. *City of Columbia v. American Civil Liberties Union of S.C., Inc.,* 323 S.C. 384, 475 S.E.2d 747 (1996).

Section 17–25–45 does not name rape as a most serious offense, and rape does not contain the same elements as any of the enumerated offenses. Therefore, I agree that Lindsey's

---

1. Lindsey was convicted of rape in 1976, and the General Assembly amended the Code to provide for different levels of criminal sexual conduct in 1977. Prior to 1977, S.C.Code Ann. § 16–71 (1962) codified common law rape.

2. S.C.Code Ann. § 16–71 (1962); *State v. Tuckness,* 257 S.C. 295, 185 S.E.2d 607 (1971).

3. S.C.Code Ann. § 16–3–652 and –653 (Rev.2003).

LWOP sentence must be reversed under *Washington,* but write in hopes that the General Assembly will correct the discrepancy this creates in the Two Strikes Law.

MOORE, WALLER and BURNETT, JJ., concur.