12449

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Celeste Durant,       
Appellant.
 
 
 

Appeal From Horry County
Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2004-UP-422
Submitted June 8, 2004  Filed June 
 30, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Dudek, of S.C. Office 
 of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson 
 and Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor 
 John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  In April 2001, the Horry County 
 grand jury indicted Celeste Durant and Chad Smith for homicide by child abuse 
 and aiding and abetting homicide by child abuse in the death of Durants twenty-month-old 
 daughter.  Following a jury trial, both Durant and Smith were convicted and 
 sentenced to twenty years on each count, the sentences to run concurrently.  
 In this appeal, Durant argues the trial court erred in (1) failing to direct 
 a verdict for her on both charges based on the insufficiency of evidence and 
 (2) by refusing to dismiss the charges against her based on the States loss 
 of certain evidence and the States refusal to stipulate as to the loss of the 
 evidence.  We affirm [1] pursuant 
 to Rule 220(b)(2), SCACR and the following authorities:  Issue 1:  State 
 v. Lindsey, 355 S.C. 15, 20, 583 S.E.2d 740, 742 (2003) (On an appeal from 
 the trial courts denial of a motion for a directed verdict, the appellate court 
 may only reverse the trial court if there is no evidence to support the trial 
 courts ruling.); State v. Kelsey, 331 S.C. 50, 62, 502 S.E.2d 63, 69 
 (1998) (In reviewing the denial of a motion for a directed verdict, the evidence 
 must be viewed in the light most favorable to the State, and if there is any 
 direct evidence or any substantial circumstantial evidence reasonably tending 
 to prove the guilt of the accused, an appellate court must find that the case 
 was properly submitted to the jury.); State v. Smith, Op. No. 3804 (S.C. 
 Ct. App. filed June 1, 2004) (Shearouse Adv. Sh. No. 23 at 36) (holding in the 
 co-defendants case, given the evidence submitted by the State (1) on the severity 
 and number of injuries to the victim; (2) that both Smith and Durant were the 
 only two people with the child during the timeframe that she sustained her devastating 
 injuries; (3) that her impairment should have been obvious to these two adults; 
 and (4) that there was a possible cover-up, there was substantial circumstantial 
 evidence on both charges such that the case was properly submitted to the jury); 
 Issue 2:  State v. Cheeseboro, 346 S.C. 526, 538-39, 552 S.E.2d 300, 
 307 (2001) (The State does not have an absolute duty to preserve potentially 
 useful evidence that might exonerate a defendant.  To establish a due process 
 violation, a defendant must demonstrate (1) that the State destroyed the evidence 
 in bad faith, or (2) that the evidence possessed an exculpatory value apparent 
 before the evidence was destroyed and the defendant cannot obtain other evidence 
 of comparable value by other means.).
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur.

 
 [1] We 
 decide this case without oral argument pursuant to Rule 215, SCACR.