602 S.E.2d 392

The STATE, Petitioner,

v.

Robert BROWN, Respondent.

No. 25863.

Supreme Court of South Carolina.

Heard May 13, 2004.

Decided Aug. 30, 2004.

584

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia, and Solicitor E.L. Clements, III, of Florence, for Petitioner.

Tara S. Taggart, of the South Carolina Office of Appellate Defense, of Columbia, for Respondent.

Justice BURNETT:

We granted the petition for a writ of certiorari by the State to consider the Court of Appeals' unpublished decision in *State v. Brown*, Op. No.2003–UP–274 (S.C. Ct.App. filed April 15, 2003). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

Robert Brown (Respondent) was convicted by a jury of three counts of criminal sexual conduct (CSC) in the first degree with a minor under the age of eleven, four counts of CSC in the second degree with a minor between the ages of eleven and fourteen, three counts of committing a lewd act on a minor, one count of assault with intent to commit second-degree CSC with a minor, ten counts of incest, and three counts of CSC in the first degree. He was sentenced to the maximum term of imprisonment on each conviction, with all sentences to be served consecutively for a total sentence of 410 years.

Respondent physically and sexually abused his daughters, who were adults at the time of the trial, repeatedly over a period of years. They testified Respondent regularly beat them with a strap fashioned from a discarded tire if they disobeyed him, refused to have sex with him, or revealed or attempted to reveal the sexual abuse. Respondent also often

beat their mother, who died in 1986. They testified their fear and shame prevented them from revealing the sexual abuse to their mother or anyone else. One daughter was impregnated by Respondent and gave birth to his son at age eleven, she revealed the abuse to her mother at the age of fourteen. Another daughter revealed the abuse to a school guidance counselor at the age of thirteen. Respondent beat both girls for doing so and the sexual abuse continued unabated.

The Court of Appeals affirmed all sentences, except the three counts of first degree CSC, which were reversed due to a lack of evidence on a material element of the offense. Respondent's remaining sentences totaling 320 years are not affected by the reversals.

## ISSUE

Did the Court of Appeals, after reversing the first-degree CSC convictions due to lack of evidence on one element of the offense, err in not remanding the case for entry of judgment and sentencing on the lesser included offense of second-degree CSC?

## STANDARD OF REVIEW

When a motion for a directed verdict of acquittal is made in a criminal case, the trial court is concerned with the existence or non-existence of evidence, not its weight. *State v. Morgan*, 282 S.C. 409, 319 S.E.2d 335 (1984). The accused is entitled to a directed verdict when the evidence merely raises a suspicion of guilt. *State v. Schrock*, 283 S.C. 129, 322 S.E.2d 450 (1984); *State v. Brownlee*, 318 S.C. 34, 455 S.E.2d 704 (Ct.App.1995). The accused also is entitled to a directed verdict when the State fails to present evidence on a material element of the offense charged. *State v. McHoney*, 344 S.C. 85, 544 S.E.2d 30 (2001); *State v. Brown*, 103 S.C. 437, 88 S.E. 21 (1916); *State v. Gore*, 318 S.C. 157, 456 S.E.2d 419 (Ct.App. 1995). However, if the State presents any evidence which reasonably tends to prove the defendants guilt, or from which the defendants guilt can be fairly and logically deduced, the case must go to the jury. On appeal from the denial of a motion for directed verdict, this Court must view the evidence in a light most favorable to the State. *State v. Childs*, 299

S.C. 471, 385 S.E.2d 839 (1989); *Schrock*, 283 S.C. at 132, 322 S.E.2d at 452.

## DISCUSSION

The indictment alleged Respondent violated S.C.Code Ann. § 16–3–652(1)(a) (2003) by committing first-degree CSC against an eighteen-year-old daughter between December 1 and 30, 1987 (Count 19); against a sixteen-year-old daughter on or about February 1, 1984 (Count 24); and against the same daughter when she was nineteen years old between December 25 and 30, 1986 (Count 25).

Respondent timely moved for a directed verdict of acquittal on the three counts of first-degree CSC, arguing the State had failed to present any evidence he committed the acts through the use of aggravated force. The trial judge denied the motions, reasoning the presence of aggravated force was an issue of fact for the jury.

A divided Court of Appeals reversed. The majority concluded the trial judge erred in failing to grant a directed verdict because the State did not present any evidence aggravated force accompanied any sexual acts occurring on the dates specified in the indictments. The majority declined to remand the case for entry of judgment and sentencing on the lesser included offense of second-degree CSC pursuant to *State v. Muldrow*, 348 S.C. 264, 559 S.E.2d 847 (2002). Assuming the evidence was sufficient to sustain a conviction for second-degree CSC, the majority found *Muldrow* distinguishable because both the greater and lesser offenses (armed robbery and strong arm robbery) in *Muldrow* were submitted to the jury. In the present case, the State elected to proceed only on the distinct criminal offense of first-degree CSC.

Section 16–3–652(1)(a), under which Respondent was indicted and convicted, provides: "A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven: (a) The actor uses aggravated force to accomplish the sexual battery."[1] " 'Aggravated

---

1. A defendant also may be convicted of first-degree CSC under Section 16–3–652(1)(b) when the victim of the sexual battery also is the victim

force' means that the actor uses physical force or physical violence of a high and aggravated nature to overcome the victim or includes the threat of the use of a deadly weapon." S.C.Code Ann. § 16–3–651(c) (2003). A conviction of first-degree CSC carries a maximum penalty of thirty years. Section 16–3–652(2).

■ "A person is guilty of criminal sexual conduct in the second degree if the actor uses aggravated coercion to accomplish the sexual battery." S.C.Code Ann. § 16–3–653 (2003). " 'Aggravated coercion' means that the actor threatens to use force or violence of a high and aggravated nature to overcome the victim or another person, if the victim reasonably believes that the actor has the present ability to carry out the threat, or threatens to retaliate in the future by the infliction of physical harm, kidnapping or extortion, under circumstances of aggravation, against the victim or any other person." S.C.Code Ann. § 16–3–651(b) (2003). A conviction of second-degree CSC carries a maximum penalty of twenty years. Section 16–3–653(2). Second-degree CSC is a lesser included offense of first-degree CSC. *State v. Summers,* 276 S.C. 11, 274 S.E.2d 427 (1981), *overruled on other grounds by State v. McFadden,* 342 S.C. 629, 539 S.E.2d 387 (2000).

■ To convict a defendant of first-degree CSC, the State must present evidence the defendant committed a sexual battery and *actually used* aggravated force at the time of the assault, i.e., the defendant overcame the victim through the use of physical force, physical violence of a high and aggravated nature, or the threat of the use of a deadly weapon. The evidence must show the actual use of aggravated force occurred near in time and place to the assault, such that the effect of the aggravated force caused the victim to submit to the assault. *State v. Lindsey,* 355 S.C. 15, 20–22, 583 S.E.2d 740, 742–743 (2003) (affirming denial of defendant's directed verdict motion on charge of first-degree CSC where record contained evidence defendant physically forced victim to submit to assault by confining her in automobile, grabbing her

of forcible confinement, kidnapping, robbery, extortion, burglary, housebreaking, or any other similar offense or act. This subsection was not contained in the indictment or charged to the jury and is not at issue in this case.

hands, getting on top of her, and holding her down as she kicked, pushed and fought to get him off of her); *State v. Frazier*, 302 S.C. 500, 397 S.E.2d 93 (1990) (affirming attempted first-degree CSC conviction where State presented evidence that defendant grabbed victim, forced her into woods, and ripped her clothes off in effort to commit sexual battery); *State v. Green*, 327 S.C. 581, 491 S.E.2d 263 (Ct.App.1997) (reversing denial of defendant's directed verdict motion on charge of first-degree CSC where record contained no evidence defendant used physical force, physical violence, or threatened use of deadly weapon while sexually assaulting his minor daughter by shaving her pubic hair and performing oral sex on her).

The presence of an aggravating circumstance necessary to sustain a prosecution for assault and battery of a high and aggravated nature (ABHAN) is not sufficient to sustain a conviction for first-degree CSC. *Lindsey*, 355 S.C. at 21, 583 S.E.2d at 742; *Green*, 327 S.C. at 585–586, 491 S.E.2d 264–265. Such aggravating circumstances include the infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in the sexes, the purposeful infliction of shame and disgrace, taking indecent liberties or familiarities with a female, and resistance to lawful authority. *E.g. State v. Foxworth*, 269 S.C. 496, 238 S.E.2d 172 (1977).[2] "[A] sexual battery constitutes first-degree CSC under Section 16–3–652(1)(a) only if it was accomplished through the use of force *and* the force constitutes aggravated force." *Lindsey*, 355 S.C. at 21, 583 S.E.2d at 743 (quoting *Green, supra*) (emphasis in original).

In contrast, the *threat* of the use of force or violence of a high and aggravated nature, either during the assault or in the future, may constitute aggravated coercion and is sufficient to sustain a conviction of second-degree CSC under Section 16–3–653. It is true that criminal sexual conduct, regardless of which form it takes under the statutory scheme, is inherently a crime of violence. *See State v. Green*, 336 N.C. 142, 443

---

**2.** The Court has recognized that ABHAN may occur even without any real use of force toward the victim, providing further support for the conclusion that such a circumstance is insufficient to support a conviction for first-degree CSC. *State v. Primus*, 349 S.C. 576, 581 n. 4, 564 S.E.2d 103, 106 n. 4 (2002).

S.E.2d 14, 30 (1994) (recognizing inherently violent nature of rape). Nevertheless, degrees of violence exist in such crimes, as recognized in *Lindsey, supra,* and *Green,* 327 S.C. 581, 491 S.E.2d 263. The definitions of aggravated force and aggravated coercion, along with the different maximum penalties, reveal the Legislature intended to draw a distinction between the *actual use* of force or violence during an assault and the *threat* of force or violence during or after an assault, with the former resulting in a conviction of greater degree and a harsher maximum penalty. *See e.g. State v. Blackmon,* 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991) (it is well established that court's primary function in interpreting a statute is to ascertain the intention of the legislature, and when the terms of statute are clear and unambiguous, court must apply them according to their literal meaning).

The record in the present case contains testimony from each daughter about the physical beatings at various times for disobedience, refusing to have sex with Respondent, or revealing or attempting to reveal the sexual abuse. The Court of Appeals correctly concluded, however, that the record contains no evidence Respondent used any aggravated force while sexually assaulting his daughters on the dates specified in the indictment. For example, the daughter did not testify that Respondent beat her or brandished a deadly weapon at or about the time he sexually assaulted her between December 1 and 30, 1987. Thus, the Court of Appeals properly reversed Respondent's convictions for first-degree CSC.

It is a fundamental concept of criminal law that the State must prove beyond a reasonable doubt all the elements of the offense charged against the defendant. When the State fails to present sufficient proof of all the elements, a conviction must be reversed and a judgment for the defendant must be rendered under the principles of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).[3] *See*

---

3. The double jeopardy prohibition of the Fifth Amendment to the United States Constitution, which provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," applies to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Article I, § 12 of the South Carolina Constitution similarly provides that "[n]o

*also State v. Gregorie,* 339 S.C. 2, 528 S.E.2d 77 (2000) (relying on *Burks* to find that second trial in magistrates court after circuit court, which on appeal overturned motorists speeding conviction due to insufficient evidence, would violate motorists double jeopardy rights).

The *Burks* Court distinguished between a reversal based on insufficient evidence and one based on errors in the trial proceedings. The Double Jeopardy Clause does not preclude the State from retrying a defendant whose conviction is set aside because of an error in the proceedings such as incorrect receipt of evidence, erroneous jury instructions, or prosecutorial misconduct. *Burks,* 437 U.S. at 13–15, 98 S.Ct. at 2148–2149; *Riddle v. State,* 314 S.C. 1, 443 S.E.2d 557 (1994).

While Respondent's convictions were properly reversed the question remains whether Respondent's case should be remanded for sentencing on three counts of the lesser included offense of second-degree CSC. In *Muldrow,* 348 S.C. 264, 559 S.E.2d 847, we found evidence on the element of a deadly weapon legally insufficient to sustain a conviction for armed robbery.[4] However, we remanded the case for sentencing on the lesser included offense of strong arm robbery, which also had been charged to the jury. "Where the conviction is insufficient to sustain a conviction on the greater offense, but is legally sufficient to support a conviction on the lesser, the Court on appeal may direct the entry of judgment on the lesser offense." *Id.* at 269–270, 559 S.E.2d at 850; *see also Mathis v. State,* 355 S.C. 87, 93 n. 5, 584 S.E.2d 366, 369 n. 5 (2003) (where conviction for first-degree burglary was vacated due to lack of subject matter jurisdiction, Court rejected State's argument that case should be remanded for entry of judgment against defendant on lesser included offense of second degree burglary because that offense was not submitted to jury).

---

person shall be subject for the same offense to be twice put in jeopardy of life or liberty...."

4. We held the words "Give me all your cash or I'll shoot you" on a written note did not equal the "representation of a deadly weapon" as required by the armed robbery statute.

*Muldrow* marked the first time we remanded a case for entry of judgment and sentencing on a lesser included offense after reversing a conviction for lack of evidence. For ease of use, we will refer to this option as a "sentencing remand."

Numerous state and federal courts have approved of the practice of a sentencing remand in appropriate circumstances, although not all have addressed the issue raised in the present case. *E.g. Muldrow*, 348 S.C. at 269–270, 559 S.E.2d at 850; *Austin v. United States*, 382 F.2d 129, 140–142 (D.C.Cir.1967), *overruled on other grounds by United States v. Foster*, 783 F.2d 1082 (1986); *State v. Haynie*, 116 N.M. 746, 867 P.2d 416 (1994); *State v. Dunn*, 850 P.2d 1201, 1209–1211 (Utah 1993) (all expressing majority view and listing cases); James A. Shellenberger & James A. Strazella, *The Lesser Included Offense Doctrine and the Constitution: The Development of Due Process and Double Jeopardy Remedies*, 79 Marquette L.R. 1, 183–189 (Fall 1995) (discussing modification of criminal judgment by appellate courts, sources of power for this rule including constitutions, statutes, rules, or court's inherent authority, and listing cases).

Some courts have concluded a sentencing remand may be appropriate regardless of whether the lesser included offense was charged to the jury. *United States v. Hunt*, 129 F.3d 739, 745–746 (5th Cir.1997) (concluding that although the fact jury was not instructed on lesser included offense goes to the prejudice prong of the analysis, such an instruction is not a condition precedent to a sentencing remand); *State v. Briggs*, 787 A.2d 479, 486–487 (R.I.2001) (approving sentencing remand where, although jury was not instructed on lesser offense, defendant's trial testimony constituted evidence meeting all elements of lesser included offense of larceny); *State v. Farrad*, 164 N.J. 247, 753 A.2d 648, 659 (2000) (reversing case for new trial but noting that "guilty verdict may be molded to convict on a lesser-included offense even if the jury was not instructed on that offense if (1) defendant has been given his day in court, (2) all the elements of the lesser included offense are contained in the more serious offense and (3) defendants guilt of the lesser included offense is implicit in, and part of, the jury verdict") (internal quotes omitted); *Shields v. State*, 722 So.2d 584 (Miss.1998) (reviewing cases on both sides of the issue and, in a divided opinion, holding that a sentencing

remand may be proper even though the lesser included offense was not charged to the jury; majority concluded the result was appropriate because record contained evidence sufficient to support a conviction on the lesser offense); *People v. Patterson*, 187 Colo. 431, 532 P.2d 342 (1975) (sentencing remand may be proper even though lesser included offense was not charged to jury; court reasoned defendant has been given his day in court and his guilt of lesser included offense is implicit and part of jury's verdict on greater offense); *State v. Villa*, 134 N.M. 679, 82 P.3d 46, 53–55 (Ct.App.2003) (following *Shields, supra*, to hold that sentencing remand may be proper even though lesser included offense was not charged to jury), *cert. granted* December 2, 2003.

Other courts will not approve a sentencing remand unless the lesser included offense was submitted to the jury. *United States v. Dinkane*, 17 F.3d 1192, 1198 (9th Cir.1994) (remanding for sentencing on lesser included offense of unarmed bank robbery where evidence was insufficient to support conviction on armed bank robbery; lesser included offense must be submitted to jury as condition precedent to sentencing remand); *Ex parte Roberts*, 662 So.2d 229, 232 (Ala.1995) ("It is well established that if an appellate court holds the evidence insufficient to support a jury's guilty verdict on a greater offense, but finds the evidence sufficient to support a conviction on a lesser included offense, it may enter a judgment on that lesser included offense, provided that the jury was charged on the lesser included offense"); *State v. Myers*, 158 Wis.2d 356, 461 N.W.2d 777, 778 (1990) (in case of first impression, court held "that the court of appeals may not direct the circuit court to enter a judgment of conviction of a lesser included offense when a jury verdict of guilty of the greater offense is reversed for insufficient evidence and the jury was not instructed on the lesser included offense"); *State v. Scielzo*, 190 Conn. 191, 460 A.2d 951, 958 (1983) (finding sentencing remand was proper where jury was instructed on the various degrees of larceny, and although evidence was insufficient to sustain conviction for second-degree larceny, it was sufficient to sustain conviction for fourth-degree larceny); *Collier v. State*, 999 S.W.2d 779, 782 (Tex.Crim.App.1999) (following *Myers, supra*, and holding in case of first impression that appellate court may reform judgment to conviction of

lesser included offense only if (1) court finds the evidence is insufficient to support conviction of charged offense but sufficient to support conviction on lesser included offense and (2) either the jury was instructed on lesser included offense or one of parties asked for but was denied such an instruction).

As noted by the majority in *Shields*, 722 So.2d at 586, any constitutional infirmity in the sentencing remand rule apparently has been resolved in dicta by the United States Supreme Court in *Rutledge v. United States*, 517 U.S. 292, 305–306, 116 S.Ct. 1241, 1250, 134 L.Ed.2d 419 (1996). The *Rutledge* Court generally approved of the practice followed by federal appellate courts in which the court may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense. Neither the *Rutledge* Court nor the Supreme Court cases it cited have addressed the specific issue raised in the present case.

We conclude the view espoused by the dissenting justices in *Shields, supra*, and other cases expressing a similar view, offer an approach to sentencing remands that is more consistent with the concepts of due process and the role of appellate courts as developed in South Carolina. As provided in *Muldrow* and *Mathis*, we will consider a sentencing remand only when the lesser included offense has been properly charged to the jury. We reach this conclusion for several reasons.

First, an appellate court does not sit as a factfinder in a criminal case and should avoid resolving cases in a manner which appears to place the appellate court in the jury box. An appellate court reviews the evidence only to determine whether it was sufficient to submit a charge to the jury, or whether a directed verdict of acquittal should have been granted due its insufficiency. *E.g. Morgan*, 282 S.C. 409, 319 S.E.2d 335; *Schrock*, 283 S.C. 129, 322 S.E.2d 450.

Second, and in a related vein, this view preserves the important distinction between an appellate determination the record contains sufficient evidence to support a guilty verdict and a jury determination the State proved its case beyond a reasonable doubt. *Shields*, 722 So.2d at 588 (Sullivan, J., dissenting); *Myers*, 461 N.W.2d at 782 (recognizing and enforcing this "crucial distinction").

■ Moreover, the United States Supreme Court recently has re-emphasized the "constitutional protections of surpassing importance" contained in the Fourteenth Amendments due process clause and the Sixth Amendment right to a jury trial, which "indisputably entitle a criminal defendant to a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 476–477, 120 S.Ct. 2348, 2356, 147 L.Ed.2d 435 (2000) (holding that, other than the fact of a prior conviction, any fact that increases penalty for a crime beyond the prescribed statutory maximum must be submitted to jury and proved beyond a reasonable doubt) (internal quotes omitted); *In re Winship*, 397 U.S. 358, 361–62, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368, 373–74 (1970) (due process requires the government to prove every element of a charged offense beyond a reasonable doubt); *see also Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (majority of sharply divided Court, applying *Apprendi*, held that sentencing judge may not impose a longer "exceptional" sentence under state sentencing guidelines scheme by making a judicial determination that defendant who was pleading guilty to kidnapping offense acted with "deliberate cruelty"; defendant has right under Sixth Amendment to require prosecution to prove facts supporting such a finding to a jury beyond a reasonable doubt); *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (applying *Apprendi* to hold that Sixth Amendment right to a jury trial precludes a procedure in which a sentencing judge, sitting without a jury, is allowed to find an aggravating circumstance necessary for imposition of the death penalty, and overruling inconsistent precedent).[5]

---

5. We recognize the vigorous debate, as expressed in *Apprendi; Ring,* and *Blakely*, between those justices who believe "our people's traditional belief in right of trial by jury is in perilous decline" due to the "accelerating propensity of both state and federal legislatures to adopt 'sentencing factors' determined by judges that increase the punishment beyond what is authorized by the jury's verdict," *Ring*, 536 U.S. at 611–612, 122 S.Ct. at 2445, 153 L.Ed.2d at 578 (Scalia, J., concurring), and those who believe *Apprendi* and its progeny portend "disastrous" practical consequences for state and federal sentencing guideline schemes developed during the past two decades through the collective experience and wisdom of the judicial, legislative, and executive branches of government. *Blakely,* —— U.S. at ——, 124 S.Ct. at 2543–2561 (O'Con-

Third, when a lesser included offense is submitted the jury, a jury which returns a verdict of guilty on the greater offense necessarily weighed evidence relating to the lesser offense in order to reach a verdict on the greater offense. In such cases, "it can be said with some degree of certainty that a [sentencing remand] is but effecting the will of the fact finder within the limitations imposed by law; and, that the appellate court is simply passing on the sufficiency of the implied verdict. When, however, no instruction at all has been offered on the lesser offense, second guessing the jury becomes far more speculative." *Shields,* 722 So.2d at 588 (Sullivan, J., dissenting); *Myers,* 461 N.W.2d at 780–782 (explaining that a verdict in which the jury was instructed only on the greater offense, and the conviction is reversed on appeal due to insufficient evidence, is too unreliable to remand the case for sentencing on a lesser included offense).

Fourth, when the jury could have explicitly returned a verdict on the lesser offense, the defendant is well aware of his potential liability for the lesser offense and usually will not be prejudiced by the modification of the judgment from the greater to the lesser offense. *Scielzo,* 460 A.2d at 958.

Fifth, adopting a practice of remanding for sentencing on a lesser included offense when that offense has not been submitted to the jury may prompt the State to avoid requesting or agreeing to submit a lesser included offense to the jury. As recognized by the United States Supreme Court, one reason a defendant is entitled to an instruction on a lesser included offense when supported by the evidence is to prevent a jury—when the defendant plainly is guilty of some offense—from finding the defendant guilty of the greater offense because the only alternative is to let him walk free. *Keeble v. United States,* 412 U.S. 205, 212–213, 93 S.Ct. 1993, 1997–1998, 36 L.Ed.2d 844, 850 (1973).

nor, Kennedy, and Breyer, JJ., dissenting separately). The present view of the majority of the Supreme Court regarding the crucial role of the jury in determining facts relating to elements of the crime and facts which may result in increased punishment, other than the fact of a prior conviction, undoubtedly lends support to our resolution of this case.

Sixth, the State would obtain an unfair and improper strategic advantage if it successfully prevents the jury from considering a lesser included offense by adopting an "all or nothing" approach at trial, but then on appeal, perhaps recognizing the evidence will not support a conviction on the greater offense, is allowed to abandon its trial position and essentially concede the lesser included offense should have been submitted to the jury. *Shields,* 722 So.2d at 588 (Sullivan, J., dissenting) (prosecutor will carefully consider objecting to submission of lesser included offense when facing possibility of a retrial should the withholding of the instruction prove error on appeal).

Seventh, the trial courts ruling on which offenses will be submitted to the jury affects how both parties prepare and present their opening statements, case in chief, and closing arguments. The defendant may well have foregone a particular defense or strategy due to the trial courts rejection of a lesser included offense. Allowing the State to freely switch horses in midstream may result in unfair prejudice to the defendant. *See Myers,* 461 N.W.2d at 780–782 (recognizing parties formulate their trial strategies based on offenses charged to jury and concluding it would be unfair and improper to allow state to change its strategy on appeal in effort for appellate court to "rescue it from a trial strategy that went awry").

 In sum, we clarify *Muldrow* as follows: When a conviction is reversed due to insufficient evidence, we will consider remanding a case for sentencing on a lesser included offense only when (1) the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted; (2) the jury was explicitly instructed it could find the defendant guilty of the lesser included offense and was properly instructed on the elements of that offense; (3) the record on appeal contains sufficient evidence supporting each element of the lesser included offense; (4) the State seeks a sentencing remand on appeal; (5) the defendant will not be unduly or unfairly prejudiced; and (6) the Court is convinced justice will be served by such a result after carefully considering the record as well as the interests and concerns of both the defendant and the victim of the crime. When a conviction is reversed due to insufficient evidence and this

analysis indicates a sentencing remand is inappropriate, double jeopardy will bar retrial on the charge.

## CONCLUSION

We affirm the Court of Appeals rejection of the States request for a sentencing remand on the three first-degree CSC convictions because the lesser included offense of second-degree CSC was not submitted to the jury. As Respondent's first-degree convictions were reversed due to a lack of evidence on a material element of the offense, retrial of Respondent on those three charges is barred by principles of double jeopardy.

**AFFIRMED.**

TOAL, C.J., MOORE and WALLER, JJ., concur.

PLEICONES, J., concurring in result only.