**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Leslie Twyman, Appellant.

Appellate Case No. 2011-191186

_____

Appeal From Colleton County
Perry M. Buckner, Circuit Court Judge

_____

Unpublished Opinion No. 2013-UP-325
Heard June 6, 2013 – Filed July 17, 2013

_____

**AFFIRMED**

_____

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Deputy Attorney General David A. Spencer, all of Columbia; Isaac McDuffie Stone, III, of Bluffton, for Respondent.

_____

**PER CURIAM:** Leslie Twyman appeals his conviction for criminal sexual conduct (CSC) third degree[1], arguing the trial court erred in denying his directed verdict motion. He contends (1) the State failed to prove he did not use forcible penetration and (2) the victim was not mentally incapacitated, as required by the statute. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in refusing to grant a directed verdict in Twyman's favor because he could not be guilty of third-degree CSC when the State alleged he used force: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) (stating in reviewing the denial of a directed verdict motion, the appellate court must view the evidence in the light most favorable to the State); *State v. Cherry*, 361 S.C. 588, 593, 606 S.E.2d 475, 477-78 (2004) (stating when ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight); *State v. McKnight*, 352 S.C. 635, 642, 576 S.E.2d 168, 171 (2003) (stating on the other hand, a defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged); *State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) (stating the appellate court may reverse the trial court's denial of a motion for a directed verdict only if no evidence supports the judge's ruling); *State v. Brown*, 360 S.C. 581, 588, 602 S.E. 2d 392, 396 (2004) (stating aggravated force occurs when "the defendant over[comes] the victim through the use of physical force, physical violence of a high and aggravated nature, or the threat of the use of a deadly weapon"); *State v. Hamilton*, 276 S.C 173, 178, 276 S.E. 2d 784, 786 (1981) (stating force and coercion "mean to make a person . . . follow a prescribed and dictated course; . . . to inflict or impose: force one's will on someone"); *State v. McFadden*, 342 S.C. 629, 632, 539 S.E.2d 387, 389 (2000), (stating third-degree CSC is not a lesser included offense of first-degree CSC) *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005).

2. As to whether the victim was not mentally incapacitated as defined by the statute: *Weston*, 367 S.C. at 292, 625 S.E.2d at 648 (stating in reviewing the denial of a directed verdict motion, the appellate court must view the evidence in the light most favorable to the State); *Cherry*, 361 S.C. at 593, 606 S.E.2d at 477-78 (stating when ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight); *McKnight*, 352 S.C. at 642,

---

[1] Twyman was also convicted of first-degree CSC but does not appeal that conviction.

576 S.E.2d at 171 (stating on the other hand, a defendant is entitled to a directed verdict when the State fails to produce evidence of the offense charged); *Gaster*, 349 S.C. at 555, 564 S.E.2d at 92 (stating the appellate court may reverse the trial court's denial of a motion for a directed verdict only if no evidence supports the judge's ruling); S.C. Code Ann. § 16-3-651(e) (Supp. 2012) (defining a person as mentally defective if he or she is "suffer[ing] from a mental disease or defect which renders the person temporarily or permanently incapable of appraising the nature of his or her conduct").

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**