**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

William Lee Carpenter, Appellant.

Appellate Case No. 2018-001745

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2021-UP-182
Submitted April 1, 2021 – Filed May 19, 2021

**AFFIRMED**

Fletcher N. Smith, Jr., of Law Firm of Fletcher N. Smith, Jr., LLC, of Greenville, and Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, and Senior Assistant Deputy Attorney General William M. Blitch, Jr., of Columbia, for Respondent.

**PER CURIAM:** Appellant's convictions are affirmed. We find the trial court did not abuse its discretion in admitting the evidence regarding Appellant's sexual

preferences, including the photograph and internet searches conducted on his computer. Evidence of Appellant's niche sexual preferences, including the photograph and internet searches, was relevant because it corroborated the testimony of the child witnesses and the unusual activities they reported as being associated with the alleged abuse. *See* Rule 401, SCRE; *see also Martin v. State*, 426 S.W.3d 515, 519 (Ark. Ct. App. 2013) (affirming the admission of explicit photographs because they corroborated the child witness's testimony). It was also relevant because demonstrating Appellant committed that act with the intent of deriving sexual gratification was essential for the State to prove all elements of third-degree criminal sexual conduct under section 16-3-655(C) of the South Carolina Code (2015). We agree with the circuit court that the average jury would be skeptical that someone could derive gratification from feces or urine. This evidence was also admissible under Rule 404(b), SCRE; again, because evidence Appellant derived gratification from activities not commonly associated with sexual activity was demonstrative of intent. The evidence also tended to refute suggestions the child witnesses made up an "outlandish" story. *See generally Commonwealth v. Lawton*, 976 N.E.2d 160, 170 (Mass. App. Ct. 2012) (noting expert testimony about a sexual fetish was properly admitted).

We respectfully reject Appellant's argument that intent was irrelevant to his defense and to the case. The State is required to prove every element of an offense beyond a reasonable doubt. *See State v. Brown*, 360 S.C. 581, 590, 602 S.E.2d 392, 397 (2004). As noted above, gratification is an element of third-degree criminal sexual conduct.

We further find the circuit court did not abuse its discretion in finding under Rule 403, SCRE, that the danger of unfair prejudice did not substantially outweigh the evidence's probative value. Although this evidence was disturbing, it was clearly relevant to the alleged abuse the witnesses reported experiencing and highly probative given the uncommon nature of the alleged abuse. *See United States v. Bartunek*, 969 F.3d 860, 863 (8th Cir. 2020) ("Relevant evidence in a child pornography case often is disturbing, yet 'that alone cannot be the reason to exclude the evidence.'" (quoting *United States v. Evans*, 802 F.3d 942, 946 (8th Cir. 2015)); *see also United States v. Steinmetz*, 900 F.3d 595, 597–601 (8th Cir. 2018) (finding explicit photographs of a defendant's ex-wife in a bondage outfit that was similar to an outfit the child victim was wearing in a child pornography case were not excluded by Fed. R. Evid. 403).

As to the removal of a spectator from the courtroom during a child witness's testimony, we find the trial court did not abuse its discretion. Although the United

States Supreme Court gave strict standards for complete courtroom closures in *Waller v. Georgia*, 467 U.S. 39 (1984), the majority of jurisdictions have found "that *Waller's* stringent standard does not apply to partial closures, and have adopted a less demanding test requiring the party seeking the partial closure to show only a 'substantial reason' for the closure." *United States v. Osborne*, 68 F.3d 94, 98–99 (5th Cir. 1995); *see also United States v. Sherlock*, 962 F.2d 1349, 1357 (9th Cir. 1989) (establishing a two-part test for partial courtroom closure: (1) whether there is a substantial reason for a partial closure, and (2) whether the closure is "narrowly tailored to exclude spectators only to the extent necessary to satisfy the purpose for which it was ordered"). Furthermore, South Carolina law requires trial courts to provide special considerations for witnesses that are "very young." *See* S.C. Code Ann. § 16-3-1550(E) (2015). Given the requirements of section 16-3-1550(E) and that the partial closure was limited to asking one person (Appellant's brother-in-law) to leave the courtroom during the testimony of one witness (one of the alleged victims), the partial closure was substantially justified and narrowly tailored.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.